[S. F. No. 1904.   Department One. — September 26, 1901.]

## ADÈLE M. KEPFLER, Appellant, v. L. C. KEPFLER, Respondent.

DIVORCE — DELAY OF FINDINGS — ORDER DENYING NEW TRIAL — REVIEW UPON APPEAL. — A delay of more than six months in the filing of findings, in an action of divorce, after judgment was ordered for the defendant, is not ground for a new trial, and cannot be considered upon appeal from an order denying a new trial to the plaintiff.

ID. — SUFFICIENCY OF FINDINGS — ULTIMATE FACTS. — Findings upon the ultimate facts in issue in the action for divorce, as to the grounds of divorce alleged and denied, are sufficient, and decisive of the case. It is not necessary to find upon facts merely probative of the ultimate facts found.

ID. — DESERTION — DRIVING PLAINTIFF FROM HOME BY CRUELTY — FINDING AGAINST CRUELTY. — A finding which negatives every charge of cruelty alleged in the complaint must be treated as negativing a charge of desertion by driving the plaintiff from her home by cruelty.

ID. — SUPPORT OF FINDINGS — CONFLICTING EVIDENCE. — The testimony of the defendant, in contradiction of that of the plaintiff, is sufficient to support findings for the defendant.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion.

F. J. Castlehun, for Appellant.

George D. Collins, for Respondent.

GRAY, C.—Action for divorce on the grounds of habitual intemperance of defendant, inflicting a course of great mental anguish upon plaintiff, and the extreme cruelty of defendant. The defendant had judgment. The plaintiff moved for a new trial, and appeals from the order denying her motion. There is no appeal from the judgment.

1. The first point urged by appellant is, that findings were not filed until more than six months after the case was submitted for decision and the court had ordered judgment for defendant. This is not one of the grounds for a new trial specified in the code. (See Code Civ. Proc., sec. 657.) Nor can any such question be reviewed on an appeal taken only from the order denying a new trial. (*Brison* v. *Brison*, 90 Cal. 323; *Rauer* v. *Fay*, 128 Cal. 523; *Fogarty* v. *Fogarty*, 129 Cal. 46; *Owen* v. *Pomona Land and Water Co.*, 131 Cal. 530; *Reclamation District* v. *Thisby*, 131 Cal. 572.) The cases cited hold that the sufficiency of the findings to support the judgment cannot be considered upon an appeal from an order denying a new trial. It must follow that an objection based upon the ground here urged cannot be heard or considered upon such an appeal.

2. The court found that "the defendant was never habitually intemperate, nor was he ever intemperate from the use of intoxicating drinks to such a degree that by reason thereof a course of great mental anguish had been inflicted upon said plaintiff." The court further found "that the defendant has not treated the plaintiff with extreme cruelty, and has not inflicted upon her great mental suffering or anguish," and also, "that the defendant never inflicted upon the plaintiff grievous bodily injury nor grievous mental suffering."

The foregoing findings disposed of the ultimate facts in issue, and were decisive of the case, and it was unnecessary to make special findings on facts that were merely probative as to the ultimate facts already found. The complaint does not purport, on its face, to contain a cause of action on the ground of desertion, but the allegation therein contained as to defendant abandoning and deserting plaintiff was merely intended to help out the other allegations of the complaint as to cruelty,

and its effect in that direction is negatived by the findings quoted against the claim of cruelty. If, however, we were to treat the allegations of the complaint as showing that kind of desertion, on the part of defendant, defined in section 98 of the Civil Code, which is occasioned by the cruelty of one of the spouses driving the other away from their home, still, the findings, negativing the charges of cruelty as they do, must also be treated as negativing the alleged desertion. We therefore think that the claim of appellant that the findings do not dispose of the material issues is not well taken.

3. As to the final claim of appellant that the findings are contrary to and not justified by the evidence, we have only to say that the testimony of defendant, if believed, was sufficient to warrant the conclusions reached by the court. The court evidently believed it, and it is not for this court to say that it was not true.

The order should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        Harrison, J., Garoutte, J., Van Dyke, J.