[Civ. No. 5518. First Appellate District, Division One.—November 20, 1926.]

ADDIE S. DUFFEY, Appellant, v. HOMER N. DUFFEY, Respondent.

[1] DIVORCE — DIVISION OF COMMUNITY PROPERTY — PERMANENT ALI-MONY—DISCRETION.—Under sections 146 and 147 of the Civil Code it is the duty of the court at the time of dissolving the marriage relation to make proper division of the community property, and it may, under section 139 of said code, in its discretion, compel the husband, in addition, to make what it deems suitable allowance for the future support of the wife during her life or for a shorter period, depending upon circumstances; and the amount to be given, if anything, as permanent alimony, is a matter within the reasonable discretion of the court.

[2] ID.—EXERCISE OF DISCRETION—APPEAL.—The discretion vested in the trial court to determine the amount and duration of the permanent alimony to be paid to the wife is controlled by the circumstances, and no fixed rule is provided for, but various conditions may be considered in reaching a conclusion in the matter, and the conclusion of the trial court will not be disturbed on appeal except upon a showing of an abuse of the exercise of such discretion.

[3] ID.—POSSIBILITY OF MAKING POOR INVESTMENTS—PERMANENT ALI-MONY.—In an action for divorce, where the wife asks for and obtains a divorce and a division of the community property, the fact that she may possibly make poor investments with the funds so received by her is not a fact to be considered by the court in determining her right to permanent alimony.

[4] ID. — PROPERTY AWARD — DENIAL OF ALIMONY OR SUPPORT FOR CHILDREN—SUFFICIENCY OF INCOME—EVIDENCE—APPEAL.—In such action, where the wife is awarded the custody of two of the minor children, and the custody of the other two is awarded to the husband, and the portion of the community property and funds obtained by the wife is sufficient to net her a substantial monthly income, whereas the income from the portion retained by the husband is small, as compared with that of the wife, and the record on appeal is silent upon the subject of whether or not the income enjoyed by the wife is sufficient to support herself or her children, the appellate court cannot say that the trial court abused its discretion in denying the wife permanent alimony and in denying her any allowance for the support and

1.  See 1 Cal. Jur. 1012; 1 R. C. L. 929.
2.  See 1 Cal. Jur. 1015.

maintenance of the minor children whose custody she was awarded, but providing for a modification of the latter provision from time to time, depending upon circumstances.

(1) 19 C. J., p. 242, n. 46, p. 264, n. 58, p. 333, n. 31.  (2) 19 C. J., p. 258, n. 68, p. 264, n. 50, 51, p. 265, n. 59.  (3) 19 C. J., p. 249, n. 43, p. 258, n. 68.  (4) 19 C. J., p. 258, n. 68, p. 356, n. 29.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fredericks & Hanna and Schauer & Ryon for Appellant.

Heaney, Price & Postel for Respondent.

TYLER, P. J.—This action was one originally brought by plaintiff against defendant for separate maintenance. At the time of the trial, by leave of the court, an amended complaint was filed praying for a divorce on the ground of wilful desertion. Defendant filed an answer and cross-complaint. Under his cross-complaint he also alleged desertion. Judgment was in favor of plaintiff. There were six living children, issue of the marriage, four of whom at the time of the trial were minors. During the marriage relation the parties had accumulated community property of the value of $127,956.25, subject to an indebtedness of $40,649, or a net value of $87,207.25.

Prior to judgment they entered into a stipulation concerning all of their property rights. By the terms of this agreement the net value of the property was divided equally between them. In addition to the one-half of the community property received by plaintiff, defendant paid to her the sum of $5,600, which represented an agreed indebtedness between the parties. At the time the judgment was rendered plaintiff, by reason of these arrangements, was the owner of property in excess of $49,000 in her own right. It also appeared that at this time plaintiff was the recipient of an income of $25 a month which she received from the United States government on account of the death of a son while in the army. The property settlement of the parties became a part of the decree.

In awarding judgment for the plaintiff the custody of two of the minor children was given to her and the others to defendant. The court found that plaintiff was not entitled to any payment from the defendant for alimony, maintenance, or support, in consequence of which no power was retained by the court to alter this finding in the future. The court further found that at the time of the granting of the interlocutory decree plaintiff was not entitled to and should not receive from defendant any allowance for the support or maintenance of the minor children, whose custody was awarded to her. This latter finding provided for a modification from time to time, depending upon circumstances. Plaintiff has appealed from that portion of the judgment denying her an allowance for her maintenance and support, and also from the portion thereof denying her an allowance for the support of the two minor children whose custody she was awarded. It is first claimed that the portion of the decree which denies plaintiff an allowance for her support is unjust and inequitable for the reason that she was entitled to the portion she received as of right, and, being a woman is liable through her inexperience to seriously impair the fund set apart to her, in which event there is no safeguard provided for her future, for which reason the court abused its discretion in making the order that it did. The evidence upon this subject shows that plaintiff has received as her share of the community property a sum totaling almost $50,000, the income of which, together with her allowance from the government, ought to yield about $275 per month. The defendant's share of the community property is subject to an indebtedness of $67,500, in consequence of which his income therefrom amounts to about $100 per month, a portion of which she seeks for her protection. Under these facts it is difficult to see how the claim can be made that the trial court abused its discretion. To have given the plaintiff a greater sum to safeguard her future would have been to practically strip defendant of all interest in the income derived from the accumulations of the parties. [1] It is the duty of the court at the time of dissolving the marriage relation to make proper division of the community property (Civ. Code, secs. 146, 147), and it may, under section 139 of

the same code, in its discretion, compel the husband, in addition, to make what it deems suitable allowance for the future support of the wife during her life or for a shorter period, depending upon circumstances. (*Ex parte Spencer*, 83 Cal. 460 [17 Am. St. Rep. 266, 23 Pac. 395].) The amount to be given, if anything, as permanent alimony, is a matter within the reasonable discretion of the court. (*Farrar* v. *Farrar*, 41 Cal. App. 452 [182 Pac. 989].)    [2] This discretion is controlled by the circumstances and no fixed rule is provided for. Various conditions may be considered in reaching a conclusion in the matter, but the conclusion when reached will not be disturbed on appeal except upon a showing of an abuse of the exercise of such discretion. Section 142 of the Civil Code expressly provides that where the wife has sufficient property to give her support the court may, in its discretion, withhold any allowance to her.    [3] Plaintiff asked for and obtained a divorce and a division of the community property. The fact that she may possibly make poor investments with the funds is not a fact to be considered. That is a peril common to all who possess property. What we have said applies with equal force to the second point raised.    [4] The court by its decree provided that plaintiff was not entitled to the payment of any money from the defendant for the maintenance or support of the minor children awarded to her, reserving the power to amend this order at any future time upon proper showing. The trial court has an extensive discretion in this respect and its conclusion will not be set aside in the absence of clear abuse (*Bancroft* v. *Bancroft*, 178 Cal. 352 [173 Pac. 582]; 9 Cal. Jur. 790). No such showing is here made. The record is silent upon the subject as to whether or not the income enjoyed by plaintiff is sufficient to support herself or her children. Under such circumstances we cannot say that the court abused its discretion in making the order it did. Defendant is maintaining the children awarded to him in private schools, a fact the court was entitled to consider as a circumstance in connection with all the other facts in reaching the conclusion it did.

The question of the right of the trial court to modify the decree with respect to the maintenance or support of

79 Cal. App.—47

the minor children under the finding or its right to make provision for their support independent of the decree are questions that are not before us.

The judgment is affirmed.

Knight, J., and Campbell, J., *pro tem.*, concurred.