[Civ. No. 3196. Fourth Dist. May 9, 1946.]

IRENE VELMA FILLMORE, Appellant, v. MILLARD IVAN FILLMORE, Respondent.

N. E. Youngblood for Appellant.

Borton, Petrini, Conron & Borton for Respondent.

GRIFFIN, J.—Plaintiff and defendant were married in 1937. They separated in 1944. Plaintiff and cross-defendant commenced this action for divorce against defendant and cross-complainant on three separate grounds, extreme cruelty, wilful neglect, and wilful desertion. It was alleged in plaintiff's complaint, in addition to certain acts of extreme cruelty, that for a considerable time immediately preceding the commencement of the action, plaintiff was in poor health and is still requiring constant medical care necessitating the expenditure of approximately $55 per month and that she is unable to pay said amount.

Defendant denied generally the allegations of the complaint and by way of cross-complaint he sought a divorce on the grounds of extreme cruelty and desertion and also sought an annulment of the marriage on the ground that plaintiff, at the time of her marriage, was physically incapable of entering into the marriage state by reason of the fact that she was suffering from cancer and concealed said known fact from defendant; that said physical incapacity still exists and is incurable.

Plaintiff answered the cross-complaint, denied generally the allegations pertaining to the divorce and denied that at the time of her marriage she was physically unable to enter into the marriage state by reason of personal defects as alleged, and denied that she concealed the fact from defendant that she was suffering from cancer, but alleged that she did not know of such fact at the time of the marriage.

A minute entry of May 18, 1945, discloses that the cause

came on for hearing and counsel for defendant dismissed the cross-complaint upon motion duly granted. The case was submitted on May 22, 1945. The court caused a memorandum to be entered in the minutes showing plaintiff to be entitled to an interlocutory decree of divorce, and ''It is further decreed that the defendant pay to the plaintiff the sum of Sixty Dollars ($60.00) per month for support, maintenance and medical care, until further order of the court . . .'' that the defendant take nothing by his cross-complaint.

The proposed findings filed by defendant, to which plaintiff objected, contained a finding that plaintiff is in poor health and still requires medical attention at a reasonable cost of $60 per month and that defendant is able to pay said amount. It then sets forth a provision in reference to the term for which said amount shall be paid, which is the cause for plaintiff's appeal from the judgment. It provides that plaintiff is entitled to $60 per month for six months but that said allowance shall automatically stop and end at the expiration of that period unless plaintiff files appropriate proceedings before the expiration of said six months' period, establishing the necessity for a continuance of said monthly allowance, and if no proceedings are filed within said time said allowance shall terminate. Plaintiff proposed findings allowing her $60 per month ''until further order of the court.'' The court signed defendant's proposed findings.

On October 1, 1945, plaintiff moved to modify the findings as signed, on the ground that they did not conform to and were inconsistent with the minute order dated May 22, 1945, wherein the court granted plaintiff $60 per month ''until further order of the court,'' and asked the trial court specifically to find ''That the plaintiff is and has been for a considerable period of time immediately preceding the commencement of this action in poor health, and has required and is still requiring constant and continued medical care for cancer,'' because that fact was pleaded in defendant's cross-complaint and admitted by plaintiff's answer thereto. This motion was denied. Plaintiff, on the same day, filed a notice of appeal reciting that she appealed from the interlocutory decree of divorce dated October 1, 1945.

As we gather from plaintiff's argument, it is now contended that the order terminating the $60 per month support for plaintiff at the end of six months is without evidentiary support because the court found that plaintiff was and still

is requiring constant and continued medical care for cancer, and that the burden should not be placed on plaintiff to show that the continuance of support at the end of six months is essential. Plaintiff asks that this court order the findings to be amended to conform to those proposed by her.

■ Our investigation of the record reveals the fact that the cross-complaint was dismissed and abandoned and not introduced as evidence of an admission of either party. The dismissed and abandoned pleading is not properly a part of the record on appeal. (*Williams* v. *Seiglitz*, 186 Cal. 767 [200 P. 635].) The court did not make a finding which adequately covered the subject. (*Kepfler* v. *Kepfler*, 134 Cal. 205 [66 P. 208].)

■ The memorandum minute entry of the court's decision contemplated the preparation and filing of findings and a judgment based thereon. The deliberations of the court, as mentioned in the minute entry, were conclusively merged in the judgment and the trial judge had the right to modify or change his memorandum opinion as to the length of time said payments were to continue. (*Tulare Irr. Dist.* v. *Superior Court*, 197 Cal. 649, 669 [242 P. 725].) ■ The trial court has very broad powers in passing upon questions of fact, including the amount and duration of alimony. (*Lamborn* v. *Lamborn*, 80 Cal.App. 494 [251 P. 943].) The findings of the trial court will not ·be disturbed on appeal unless a clear abuse of discretion appears from the record. (*Duffey* v. *Duffey*, 79 Cal.App. 734 [251 P. 218].)

■ The evidence produced by plaintiff as to her state of health was not conclusive. The fact that she worked steadily for four years and up to the time of trial may have had a bearing on the question of the duration of the payments. The door is still open to her to seek continuance of such payments, upon proper showing, if application is made within the period prescribed. We perceive no error or abuse of discretion.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.