[Civ. No. 15620. Second Dist., Div. Three. Aug. 14, 1947.]

MARIA DE LA LUZ TOVAR COZZI, Appellant, v. ROSARIO COZZI, Respondent.

Clayton B. Thomas for Appellant.

Gilford, Morris & Bragin for Respondent.

KINCAID, J. pro tem.—Plaintiff appeals from an interlocutory judgment of divorce granted in her favor following a contested trial on the issues presented by her complaint and defendant's cross-complaint.

The parties were married March 5, 1939, and there is one child the issue of the marriage, aged four years at the time of the filing of the complaint on September 18, 1944. Plaintiff claimed therein that certain personal and real property, together with the improvements thereon, which was owned by and stood in the name of defendant at the time of the marriage and at all times subsequent thereto, was community property. Defendant in his pleadings claimed, and the court found the same at all times to have been his separate property, that it was acquired by him prior to his marriage to the plaintiff, and that it has a value of approximately $60,000.

The trial court further found that defendant, throughout his marriage, has had no income save and except that which came to him as rentals from his separate property, aggregating about $850 per month; that defendant was compelled to and did pay on account of the mortgage and trust deed notes on said real property, federal and state income taxes, real property taxes, utilities costs upon said property, fire insurance, miscellaneous supplies and repairs for and upon said property, about the sum of $680.50 per month; that in addition thereto defendant pays the sum of about $23 per month on a policy of life insurance of which the minor child of the parties is the beneficiary, leaving approximately $146.50 per month with which to support himself, plaintiff and their child.

The court further found that there is no community property owned or acquired by the parties hereto, that defendant did treat plaintiff in a cruel and inhuman manner granting her the interlocutory judgment on that ground, awarding her the custody of the minor child and the sum of $100 per month for its support, further awarding her the use of certain residential property, referred to in the judgment as a "homestead," owned by defendant as his separate property and from which he had been receiving rentals in the sum of $45 per month, to be held and occupied by plaintiff and the child without rent until the further order of the court, but in no event beyond the time that plaintiff remarries.

Plaintiff claims as grounds for her appeal that the trial court erred, (1) in finding that the parties were not possessed of any community property interests in which plaintiff was entitled to share, and (2) in failing to grant to plaintiff an allowance for the support of herself in addition to that which was made for the support of the minor child.

The evidence clearly shows, and apparently plaintiff now concedes, that all the real property, stocks and bonds presently owned by defendant were acquired by him with separate funds prior to his marriage to plaintiff. It is equally true that, during the period of some five and one-half years they lived together as husband and wife his entire and only income resulted from the rents, issues and profits of such property and defendant maintained and supported himself and family therefrom. He devoted his full time to the management and upkeep of his property. A portion of plaintiff's time was likewise utilized in collecting rents and otherwise assisting her husband in caring for the real property.

Plaintiff now contends she has acquired a community interest in such real estate because of the facts that defendant fully and plaintiff partially employed themselves in the maintenance and care thereof, and that a large proportion of such income was necessarily expended on amortization payments upon the principal due on notes, secured by mortgage and trust deed encumbrances thereon.

Section 163 of the Civil Code provides: "All property owned by the husband before marriage . . . with the rents, issues, and profits thereof is his separate property." "Likewise, ordinarily, improvements made out of community funds on lands constituting the separate property of one of the spouses follow the character of the land and become separate property. (5 Cal.Jur. 298.)" (*Seligman* v. *Seligman,* 85 Cal.App. 683, 689 [259 P. 984].) That portion of the profits of a business, however, is not necessarily separate property when earned therefrom after marriage, even though such business has been owned and carried on by one of the spouses before the marriage. "The capital which the husband brings to the marriage partnership is his own separate property, but it is a question for the court to determine what portion of the profits thereafter arises from the use of this capital and what part arises from the activity and personal ability of the husband. That portion of the income due to the 'personal character, energy, ability and capacity of the husband' is community property. (*In re Gold's Estate,* 170 Cal. 621 [151 P. 12] ; *Pereira* v. *Pereira,* 156 Cal. 1 [103 P.2d 488, 134 Am.St.Rep. 107, 23 L.R.A. N.S. 880] ; *In re Caswell's Estate,* 105 Cal.App. 475 [288 P. 102].)" (*Witaschek* v. *Witaschek,* 56 Cal.App.2d 277, 281 [132 P.2d 600].)

■ Assuming the care and maintenance of income properties owned by him to be a "business," it is not the profits of the business, but only the ascertained earnings of the defendant from his individual efforts in managing, laboring on and caring for such property, in the nature of salary, wages or the equivalent thereof, which would be community property. (*Seligman* v. *Seligman, supra,* p. 687.) ■ No evidence has been called to our attention appraising the value of plaintiff's such "earnings" or to what proportion of the income they should properly be allocated. In finding all the property, including the increments through income, to be separate property of the defendant, the trial court was entitled to take into consideration the fact that any so-called

earnings which might have accrued to the community by virtue of the work, labor or services of defendant, may well have been expended by him in the support of his wife and child, thus leaving his separate estate intact. (*Cline* v. *Cline,* 4 Cal.App.2d 626, 629 [41 P.2d 588]; *Conard* v. *Conard,* 5 Cal.App.2d 91, 93 [41 P.2d 968].) The evidence supports such an inference and we are unable to say that the court abused its discretion or committed error in finding for the defendant on this issue.

■ With reference to plaintiff's second ground of appeal, complaint is made of the failure of the court to award her permanent support money. As previously indicated, the interlocutory judgment does award her the use, rent and tax free, of a six-room dwelling house owned by defendant as his separate property, in addition to the sum of $100 per month for the support of the minor child. Where, as here, a divorce is granted for offense of the husband the court may, in its discretion, compel him to provide for such support of the wife as may be deemed just, having regard to the circumstances of the parties respectively. (Civ. Code, §§ 137, 139.) "But this discretion is not arbitrary. '. . . it must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the financial ability of the husband. . . . In a legal sense, discretion is abused whenever, in its exercise, a court exceeds the bounds of reason,—all the circumstances before it being considered.' (1 Cal.Jur. 965.)'' (*Makzoume* v. *Makzoume,* 50 Cal.App.2d 229, 231 [123 P.2d 72]; see, also, *Kyne* v. *Kyne,* 70 Cal.App.2d 80, 83 [160 P.2d 910].)

"An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. (*Wilder* v. *Wilder,* 214 Cal. 783, 785 [7 P.2d 1032]; *Kaiser* v. *Hancock,* 25 Cal.App. 323, 328 [143 P. 614]; *Lynch* v. *Lynch,* 69 Cal.App. 66, 71 [230 P. 462].) The burden is on the party complaining of the order to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power. (*Hale* v. *Hale,* 55 Cal.App.2d 879, 883 [132 P.2d 67]; *Sharpe* v. *Sharpe,* 55 Cal.App.2d 262, 265 [130 P.2d 462].)'' (*Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672, 673 [169 P.2d 453].)

Taking into consideration all the evidence, including that showing the plaintiff to be 30 years of age as compared to the

defendant as 56, her history of employment before the marriage as a stenographer and teacher of shorthand in Spanish and subsequently, in a few instances, as a foreign language translator, the time elapsing between the marriage and separation, the amount left to defendant from the rents, issues and profits of his separate properties after paying the sums necessary to keep them as income producers, the required payments by defendant of taxes and other essential charges, the order for the support of the child and that awarding to plaintiff the so-called homestead with the consequent reduction of defendant's income by the $45 rental which the dwelling had previously produced, we are unable to agree with plaintiff that the refusal by the trial court to award her permanent or any support money constituted a miscarriage of justice or an abuse of discretion.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.