[Civ. No. 22686.   Second Dist., Div. One.   Apr. 8, 1958.]

THELMA G. McCLELLAN, Appellant, v. FRANK
McCLELLAN, Respondent.

Norman Berris for Appellant.

Culver Van Buren for Respondent.

LILLIE, J.—Plaintiff appeals from a judgment wherein a divorce was granted to both parties on grounds of extreme cruelty; respondent was ordered to pay to appellant wife as alimony the sum of $175 per month for a period of one year

only; and custody of the 18-year-old son of the parties was awarded to appellant. No provision was made for the support and maintenance of the minor son, the trial judge having found that he was self-supporting. The court also found that certain real estate, consisting of the family home, was community property and ordered it sold, the proceeds of the sale to be divided equally between the parties.

The appellant herein contends that the trial court abused its discretion (1) in awarding alimony for a period of one year only; (2) in making no provision for the support and maintenance of the 18-year-old son; and (3) in finding that the quitclaim deed executed and handed over by respondent to appellant was inoperative and that the property was in fact community property.

It becomes apparent from appellant's brief that although she complains of an "abuse of discretion" her contentions are actually based upon an alleged insufficiency of the evidence to support the findings and judgment.

The rule is well settled that where the record discloses substantial evidence in support of the findings and judgment a reviewing court will not reevaluate the credibility of the witnesses, reappraise the weight of the evidence adduced before the trial judge, or draw inferences contrary to those drawn by the trial court. This principle seems particularly applicable in a "dual divorce" case involving comparative fault, in which the trial court has granted a divorce to each party. (*DeBurgh* v. *DeBurgh*, 39 Cal.2d 858 [250 P.2d 598].)

The parties herein were accorded full opportunity to present evidence bearing upon the issues involved. During the trial, which lasted four days, the judge was able to observe the witnesses, their appearance, demeanor and manner of testifying, and to evaluate their credibility. Considerable evidence was received by the trial court with respect to the acts of cruelty committed by both parties; the health and financial circumstances of husband and wife and their minor son; and the circumstances surrounding respondent's delivery of a quitclaim deed to appellant.

The parties were married in 1934, and, after a separation and subsequent reconciliation, finally separated in January, 1956. Appellant is a 45-year-old woman who, although unskilled and without a trade, has worked as a presser. She testified that for the past year she has been under the care of a doctor for endometriosis, which sometimes is painful and requires her to go to bed.

Respondent testified that at the time of the separation appellant appeared to be in very good condition, that she seemed to be able to go out as much as she desired and to do the things she wanted to do, and that she did not appear to be in any way hampered.

The record throughout discloses that appellant frequently went out in the evening, usually did not retire at night until a late hour, and engaged in numerous and various social activities, during both day and night. Although endometriosis is a disease causing bleeding of the tissues, the record is silent as to the extent to which it affects appellant; what if any disability it causes and whether it prevents her from seeking and taking employment; what treatment, if any, she is receiving for this condition; and when and how often she visits her doctor. No medical evidence was offered on behalf of appellant.

In connection with appellant's first contention concerning the award of alimony to her for a period of one year only, the rule is clear that the trial court is given a broad discretion in determining the amount of alimony to be paid and the period during which payment shall continue, which discretion ordinarily will not be interfered with on an appeal save for a manifest abuse thereof. That these matters are within the discretion of the trial court is made plain by section 139 of the Civil Code which provides that such court may "make such suitable allowance to the wife for her support, during her life *or for a shorter period as the court may deem just*, having regard to the circumstances of the parties respectively." (Italics added.)

Our California courts have consistently voiced approval of this principle. In *Fillmore* v. *Fillmore*, 74 Cal.App.2d 418, 421 [168 P.2d 725], the reviewing court said: "The trial court has very broad powers in passing upon questions of fact, including the amount and duration of alimony. (*Lamborn* v. *Lamborn*, 80 Cal.App. 494 [251 P. 943].) The findings of the trial court will not be disturbed on appeal unless a clear abuse of discretion appears from the record (*Duffey* v. *Duffey*, 79 Cal.App. 734 [251 P. 218])." Similar expression is found in *Newbauer* v. *Newbauer*, 95 Cal.App.2d 36, at page 40 [212 P.2d 240]: "That the members of this court might have been more liberal is not the test. The discretion was the trial judge's, not ours; and we can only interfere if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reason-

ably have made the order that he did. (*Fillmore* v. *Fillmore,* 74 Cal.App.2d 418 [168 P.2d 725]) ; *Cozzi* v. *Cozzi,* 81 Cal. App.2d 229 [183 P.2d 739] ; *Furniss* v. *Furniss,* 75 Cal.App. 2d 138 [170 P.2d 486])."

██ The principle mentioned is not limited to any specific set of facts; in any and all cases the matter of alimony is peculiarly one within the broad discretion of the trial judge. Such is the situation here.

Without recounting the testimony of the respondent it is obvious that the trial court believed the evidence he gave relating to appellant's many acts of cruelty. This is manifest in the court's finding that he was entitled to a divorce. In addition to the evidence relating to her physical condition and her numerous and varied activities, the court no doubt had in mind the comparative fault of the parties in limiting the payments of alimony to one year only. Under the law of this state, we cannot hold on the facts in the instant case that the trial judge abused his discretion in limiting the award of alimony.

██ The same may be said in answer to the appellant's second contention that there was an abuse of discretion in respect to the trial court's failure to award a sum for the support of the 18-year-old son of the parties. Support for a minor child is also controlled by section 139 of the Civil Code. The same discretion afforded the court in connection with an award of alimony is found in matters of child support. Although the boy has a past history of illness there was no evidence that he now suffers any physical disability that would prevent him from taking full-time employment. The record discloses that at the time of the trial he had graduated from high school, was working part-time earning $110 per month, and had worked continuously since the end of his vacation. By choice he has been residing with the appellant. The boy was not called as a witness and no medical evidence bearing on his condition was offered at the time of the trial. It must be assumed that the trial court fully considered the matter of parental support in the light of all the evidence introduced on the issue. No abuse of discretion is manifest in the record, nor is there any merit to the appellant's contention that there was insufficient evidence to support the trial court's decision.

██ As to the appellant's third contention, no error is apparent in the trial court's finding that the unrecorded quit-claim deed executed by respondent husband to his wife was

not intended to pass a present interest, and that the property covered by the deed was of a community nature rather than the separate property of appellant wife. ▇ That the determination of whether the delivery was valid or ineffectual turns upon the question of the grantor's intent and is a question of fact for the trial court, is borne out in the case of *Williams* v. *Kidd*, 170 Cal. 631 [151 P. 1, Ann.Cas. 1916E 703]. At page 638, the Supreme Court stated: "It is essential to the validity of a transfer of real property that there be a delivery of the conveyance with intent to transfer the title, and the true test under which delivery is to be determined is in ascertaining whether in parting with the possession of the conveyance the grantor intended thereby to divest himself of title. If he did, there was an effective delivery of the deed. If not, there was no delivery."

▇ The rule is well established that delivery or nondelivery of a deed is a question of fact to be determined from the surrounding circumstances of the transaction and where there is substantial evidence or where an inference or presumption may be drawn from the evidence to sustain the court's finding, it will not be interfered with on appeal. (*Chaffee* v. *Sorensen*, 107 Cal.App.2d 284 [236 P.2d 851]; *Ivancovich* v. *Sullivan*, 149 Cal.App.2d 160 [307 P.2d 989].)

▇ There is clear and substantial evidence in the record to the effect that in 1954, prior to the first separation of the parties, respondent offered the deed to the residence, heretofore held in joint tenancy, to the appellant along with a list of his insurance policies with instructions to file claims with the insurance companies and record the deed in the event of his death, in order to avoid the trouble and expense of probate. Appellant at that time made a facetious comment to the respondent, and displaying no interest in the documents, respondent dropped them into a drawer and went outside to work in the yard. He testified that in offering the conveyance to her, he was under the impression that property held in joint tenancy was community property and required probate upon his death. Appellant in this connection testified that when respondent brought the documents to her he mentioned suicide and that she felt he wanted her to believe that he might take his own life. Appellant has never recorded the deed, which was kept in a drawer with the card listing respondent's insurance policies, and the parties resided together in the property as their family home until their separation.

The record is clear that the real property covered by the

deed had a community source in that it had been purchased from funds obtained through the sale of real property previously purchased with earnings of respondent, and that, although held in joint tenancy for convenience, the property never lost its community aspect.

The trial court after hearing all of the evidence, rejected the testimony of appellant in connection with the deed and found the circumstances of delivery as related by respondent to be true. The appellant's claim that the court's determination in respect to the execution and delivery of the quitclaim deed and the nature of the property covered by it constitutes an abuse of discretion, cannot be sustained.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied May 6, 1958, and appellant's petition for a hearing by the Supreme Court was denied June 4, 1958. Traynor, J., was of the opinion that the petition should be granted.