[Civ. No. 88.  Fifth Dist.  May 21, 1962.]

ANNA B. LAIRD, Plaintiff and Appellant, v. ROYAL B. LAIRD, Defendant and Respondent.

Standley Walter for Plaintiff and Appellant.

Griswold & Barrett and George C. Barrett for Defendant and Respondent.

STONE, J.—This is an appeal by plaintiff wife, from the provisions of an interlocutory judgment of divorce awarding her $200 monthly alimony for a period of 12 months, and from the judgment holding a Cadillac automobile, the proceeds of the sale of a Chris Craft boat, and certain items of household furniture to be the husband's separate property.

Plaintiff secured an interlocutory decree of divorce from defendant husband after a marriage of four and one-half years. Both had been married before, each had children by a previous marriage, and each owned separate property at the time they married. At the time of divorce, plaintiff owned her own home, in which the parties had lived during the marriage, which is alleged to have a value of $20,000. She also had some $15,000 in a savings account, from which she had withdrawn the interest during the marriage, and some household furnishings alleged to be worth $1,600. Defendant owned stock in a corporation that carried on a welding business in the City of Merced, having an approximate value of $52,670.90 at the time of divorce. He also owned two parcels of real

property worth a total of approximately $50,000, cash in the sum of $3,000, a $450 trailer, a $150 boat motor, a $500 cabin and approximately $250 worth of household furniture. At the time of divorce he was unable to work because of illness, but he received a monthly income of $480 net after taxes from the welding business, which was treated as wages, and $190 a month rent from the real property.

Plaintiff first alleges as error the court's one-year limitation of the $200 per month alimony award. It is her contention that in view of defendant's wealth compared with her assets, the limited award constitutes an abuse of discretion. The basic law involved is Civil Code, section 139, which provides that a court may make such suitable allowance to the wife for her support during her life, or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties. It is plaintiff's contention that the court did not give due regard to the circumstances of the parties. ▌▌ In viewing this assignment of error, we must recognize that decisions of this state vest the trial court with very broad powers in passing upon questions concerning alimony. This is true both as to the amount and the duration of payments. (*Lamborn* v. *Lamborn,* 80 Cal.App. 494 [251 P. 943]; *Fillmore* v. *Fillmore,* 74 Cal.App.2d 418, 421 [168 P.2d 725]; *McClellan* v. *McClellan,* 159 Cal.App.2d 225, 228 [323 P.2d 811].) ▌▌ The guiding principle was expressed in *Newbauer* v. *Newbauer,* 95 Cal.App.2d 36 [212 P.2d 240], where the court said, at page 40:

"That the members of this court might have been more liberal is not the test. The discretion was the trial judge's, not ours; and we can only interfere if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did."

▌▌ At the time of the marriage, plaintiff was working as a waitress, receiving $1.00 per hour. It is not clear whether this included tips. There is nothing in the record to support plaintiff's argument that she is not able to resume her former occupation. Plaintiff was never asked her age, nor is any mention made of the condition of her health at the time the interlocutory decree of divorce was granted. If the record contained evidence to support plaintiff's argument that she is unable to work, there would be a serious question of whether the limited award of alimony constituted an abuse of discretion. However, the only substantial evidence cited by plaintiff

in support of her position is that the value of defendant's separate property was approximately four times greater than her own. On this evidence alone we cannot say that the trial court abused its discretion, considering that the marriage lasted only four and a half years. We do not find an abuse of discretion even though the members of this court might, as the court said in *Newbauer*, have been more liberal as to the period covered by the alimony order, if not the amount of the allowance.

Plaintiff next contends that the Cadillac automobile which the court awarded to defendant as his separate property, was either jointly owned or community property, and that it should have been awarded to her. Defendant testified that the corporation bought the car for his use. He described the transaction thusly: At the time the Cadillac was purchased the corporation did not have the money to pay for it, so he deposited a total of $5,000 from his separate funds in the joint account of the parties. In turn, he used a check on this account to make the $5,000 payment. Some time thereafter the corporation reimbursed him the $5,000 payment, which he deposited in his separate account from which the money originally came. Whether defendant's deposit of his separate funds in the joint account at the time of purchase and his use of the joint funds to purchase the car created a jointly owned vehicle or community property, is a question of fact. The point is that if the trial court believed defendant, as patently it did, there is substantial evidence in the record to support the finding. (*Huber* v. *Huber*, 27 Cal.2d 784, 790 [167 P.2d 708]; *Thomasset* v. *Thomasset*, 122 Cal.App.2d 116, 127 [264 P.2d 626]; *New* v. *New*, 148 Cal.App.2d 372, 383 [306 P.2d 987].)

Plaintiff's contention that she is entitled to an interest in the proceeds from the sale of a Chris Craft boat presents the same basic question as does her claim to an interest in the Cadillac automobile. Defendant testified that he sold a parcel of real estate which was his separate property, deposited part of the proceeds in the joint account of the parties, and used $3,000 of the funds in this joint account to apply on the $11,000 purchase price of the boat. Later defendant sold the boat and deposited the proceeds in his separate account. He also testified that he intended no gift of the $3,000 to plaintiff, that the transfer was a matter of convenience. The trial court believed defendant. We find nothing in the record indicating that his testimony was inherently improbable, so we cannot set aside this finding of the trial court simply by reweighing

the evidence. (*Gomez* v. *Cecena,* 15 Cal.2d 363, 366 [101 P.2d 477]; *La Jolla Casa de Manana* v. *Hopkins,* 98 Cal.App.2d 339, 346 [219 P.2d 871].) In any event, it would appear to be a moot question since the record reflects that the proceeds from the sale of the Chris Craft were used by defendant to pay living expenses of plaintiff and defendant during the marriage.

█ Plaintiff's last assignment of error lies in a conflict between the memorandum opinion of the court and the findings filed subsequently thereto concerning the separate-property nature of certain household furnishings. The findings of fact, conclusions of law and the judgment control. They cannot be impeached by a memorandum opinion or a casual expression of opinion made by the judge prior to his final conclusion. As was aptly stated in *Scholle* v. *Finnell,* 173 Cal. 372 [159 P. 1179], at page 376:

"Where the trial is without a jury, and findings are not waived, the issues of fact remain undecided until findings are filed. No antecedent expression of the judge, whether casual or cast in the form of an opinion, can in any way restrict his absolute power to declare his final conclusion in the only manner authorized by law, to wit, by filing the 'decision' (findings of fact and conclusions of law) provided for by sections 632 and 633 of the Code of Civil Procedure." (See also *Oldis* v. *La Societe Francaise,* 130 Cal.App.2d 461, 472 [279 P.2d 184]; 48 Cal.Jur.2d, Trial, § 277, p. 281.)

Thus, a conflict between the memorandum opinion of the court and the findings and judgment of the court cannot, standing alone, be the basis for a reversal.

The judgment is affirmed.

Conley, P. J., and Brown, J., concurred.