[Civ No. 31182. First Dist., Div. Two. Dec. 21, 1973.]

In re the Marriage of THELMA and LEO PATRINO.
THELMA PATRINO, Appellant, v.
LEO PATRINO, Respondent.

**COUNSEL**

Little, Evans, Zoller & White, James B. Little and Frederick C. Phillips for Appellant.

Burnett, Burnett, Keough, Cali & Bishop and Mark C. Cali for Respondent.

## OPINION

**THE COURT.**—Wife appeals from an interlocutory judgment of dissolution of marriage, contending that the trial court abused its discretion in limiting spousal support to one year and failing to retain jurisdiction to extend it.

At trial it was established that Husband, who was to retain custody of the three minor children pursuant to stipulation, netted an average of approximately $1,060 monthly income, from which he estimated payment of current expenses at $700 (a conservative estimate in view of his custody of three children). Wife, who had worked for only a small portion of the 26-year marriage as a psychiatric technician in a state hospital some 15 years before, would have had to receive renewed training to reenter that line of work. She testified to a vague heart problem, which was not verified by any medical evidence at trial and indicated that the emotional distress of the dissolution proceedings had prevented her from actively seeking employment since the separation of the parties.

After ascertaining from Wife that it was her desire to find a job, the trial court ordered that Husband immediately pay her the sum of $250 in spousal support and that he then pay her the sum of $200 per month for two months and $100 per month for nine months thereafter, at which time support was to terminate. The court also ordered that Husband, who was awarded the home and most of the furnishings of the parties, pay Wife the sum of $10,000 cash, together with a promissory note for $10,000 to be due in three years, as her share of the community property.

 The trial court's discretion with regard to the amount *and duration* of spousal support is broad, and only a clear abuse of that discretion will justify a reversal. (See *McClellan* v. *McClellan* (1958) 159 Cal.App.2d 225, 228 [323 P.2d 811], disapproved on other grounds in *Cardew* v. *Cardew* (1961) 192 Cal.App.2d 502, 510 [13 Cal.Rptr. 620].) Considering the total circumstances before the court in this case, including the needs of the parties and abilities to meet such needs (see *Millington* v. *Millington* (1968) 259 Cal.App.2d 896 [67 Cal.Rptr. 128]), and with particular consideration to Wife's expressed desire to return to work and the substantial liquid portion of community property to be received, there is no indication that the court's decision "exceeds the bounds of reason" as discussed in *Brawman* v. *Brawman* (1962) 199 Cal.App.2d 876, 880 [19 Cal. Rptr. 106].

The financial circumstances of the parties in the present case are quite distinguishable from the circumstances discussed in *In re Marriage of Rosan* (1972) 24 Cal.App.3d 885 [101 Cal.Rptr. 295], where a similar order terminating support without retention of jurisdiction to extend it was found to be unreasonable. In that case, the parties had been accustomed to a high standard of living and the husband could well afford to pay continued support to the wife who had custody of the younger of the two minor children.

A recent application of the *Rosan* decision has indicated that retention of jurisdiction to modify spousal support should be the norm after "a lengthy marriage" and that the "burden of justification" for terminating support is on the party seeking termination. (*In re Marriage of Dennis* (1973) 35 Cal. App.3d 279, 285 [110 Cal.Rptr. 619].) It is unclear exactly what this language contemplates. To carry such a burden too far would have the effect of destroying the purpose of the new Family Law Act to reduce the amount of courtroom litigation involved in settling the rights of the parties to a dissolution proceeding.

Prior to passage of the Family Law Act, trial courts had ongoing jurisdiction to modify awards of spousal support. Now subdivision (d) of section 4801 of the Civil Code provides for absolute termination of spousal support *unless the trial court in its original order retains jurisdiction to extend an order for support.* The new law thus affords the trial court the discretion to determine if support should be absolutely terminated after a period of time. In this way, the court can settle the rights of the parties at one time and to some extent curtail endless modification proceedings.

In the present case, it is clear that the trial court, in evaluating the economic circumstances of the parties and Wife's ability to work, did not abuse its discretion to terminate all support after one year.

█ Wife asserts that certain comments by the court indicated an unfair predisposition against awarding spousal support. During Wife's testimony that she had worked as a psychiatric technician, the court happened to note that there was a current need for psychiatric technicians. It is also noted that the court expressed agreement with statements by Husband's attorney that it would be best for Wife to find a job. The latter appears to have been made with reference to Wife's emotional state over the dissolution and the fact that it would have been good for her to find something to occupy herself.

Particularly in view of the fact that Wife herself expressed a desire to find a job and her counsel also indicated that this was so when offering his

comments to the court with regard to an order for support, it is clear that no such predisposition against spousal support prevented the court from making the proper considerations in terms of needs and ability to pay.

Judgment affirmed.

Appellant's petition for a hearing by the Supreme Court was denied February 14, 1974. Mosk, J., was of the opinion that the petition should be granted.