Opinion
 

 GARGANO, J.
 

 Appellant, Betty J. Norton, and respondent, Charles V. Norton, were married on May 22, 1954, in Dallas, Texas. There were four children of the marriage: Valerie, Stephen, Vicki and Max. The parties separated on October 27, 1972; at that time Valerie was 17 years old, Stephen was 15 years old, Vicki was 14 years old, and Max was 5 years old.
 

 In December of the same year, appellant petitioned the Superior Court of Fresno County for a dissolution of the marriage and for a division of the community property; she also prayed for the custody of the children, for child and spousal support, and for attorney’s fees and costs.
 

 On April 8, 1974, an interlocutory judgment was entered dissolving the marriage and dividing the community property of the parties; respondent was ordered to assume all of the community obligations. The court also awarded appellant spousal support and the custody of the two minor children, Stephen and Max; the oldest child, Valerie, had turned 18, and the daughter, Vicki, had married and left home. The court fixed the
 
 *540
 
 spousal support at $70 a month and the child support at $125 a month for each child; it then ordered that a rehearing on the issues of spousal and child support be held on May 17, 1974.
 

 At the rehearing, appellant testified that she was having a difficult time in “making ends meet” on the support payments she had been receiving before and after the interlocutory judgment was entered. Appellant stated that often before she received a support payment there was hardly any food in the house and that due to the heavy indebtedness, her brother took possession of the family home; appellant was paying her brother $125 a month as rent. She also stated that she had been unable to find permanent employment and had been working as a babysitter earning about $80 a month; however, the babysitting' job was to terminate within a few days, and appellant said that commencing in June 1974 she was going to work in the packing houses during the summer season. It is undisputed that appellant, who was 41 years old, had very little work experience; she had not finished school and had been a homemaker during most of her marriage.
 

 Respondent testified that he was employed as a bus driver for the Greyhound Bus Company; he admitted that he had a substantial earning capacity when he took advantage of the overtime available during the summer season. He said that during 1973 he was hospitalized several months with infectious hepatitis and that due to the lingering side effects of the illness, it was doubtful that he would be working overtime during the 1974 summer season. Respondent reported that his gross income for the first four months of 1974 was $5,188.04 and that his income over that period was indicative of what his gross income would be for the year. Respondent related that he was living with a woman in Oakland and that his share of the monthly rental was $135; he said he spent between $80 and $90 a month on food and that he had purchased a new compact automobile on credit and was making payments on the car. Respondent, who had assumed all of the community obligations, stated that he was having difficulty meeting those obligations.
 

 On June 11, 1974, the trial judge entered an order modifying the preexisting order relating to child custody, child support and spousal support. In accordance with the stipulation of the parties, the judge awarded custody of the eldest son, Stephen, to respondent; he terminated the child support for Stephen, but ordered respondent to continue raying appellant the sum of $125 a month for the child. Max. In addition, the court awarded appellant $80 a month for a period of six
 
 *541
 
 months and, without reserving jurisdiction over the issue, ordered the spousal support payments to terminate at the end of the six-month period.
 

 Appellant has appealed solely from that part of the court’s order pertaining to the issue of spousal support. She asserts that the court abused its discretion in fixing the spousal support at only $80 a month and in limiting the monthly payments to a period of six months. She also asserts that the court abused its discretion in terminating spousal support at the end of six months without reserving jurisdiction to make further modifications at that time if necessary. (See Civ. Code, § 4801, subd. (d).)
 

 In making an award of spousal support, the trial court has broad discretion; the court may consider such factors as the need for the support, the ability of the other spouse to contribute, the duration of the marriage, the ability of the spouse requesting the support to engage in gainful employment, and the lifestyles of the parties prior to separation.
 
 (Nunes
 
 v.
 
 Nunes
 
 (1964) 62 Cal.2d 33, 38 [41 Cal.Rptr. 5, 396 P.2d 37];
 
 Hall
 
 v.
 
 Hall
 
 (1954) 42 Cal.2d 435, 442 [267 P.2d 249];
 
 In re Marriage of Lopez
 
 (1974) 38 Cal.App.3d 93, 114-117 [113 Cal.Rptr. 58];
 
 In re Marriage of Dennis
 
 (1973) 35 Cal.App.3d 279, 283 [110 Cal.Rptr. 619].) An abuse of discretion occurs only when it can be said, after a calm and careful reflection of the entire record, that no judge reasonably could have made the same order.
 
 (In re Marriage of Lopez, supra,
 
 38 Cal.App.3d 93, 114;
 
 Laird
 
 v.
 
 Laird
 
 (1962) 203 Cal.App.2d 806, 808 [21 Cal.Rptr. 924].)
 

 The court did not abuse its discretion in fixing appellant’s spousal support at $80 a month and in limiting the payments to six months. Although the undisputed evidence shows that appellant was having serious financial difficulties, there was ample evidence to prove that respondent was “taxed to the limits” of his ability to pay. In 1973 he contracted infectious hepatitis and his earning capacity for the year 1974 was substantially reduced; he assumed all of the community debts and was finding it difficult to discharge those debts; he even was sued on some of the debts, and on one occasion his wages were attached. Respondent was trying to establish a new life for himself and in so doing was incurring new obligations.
 

 However, the trial judge abused his discretion in failing to retain jurisdiction over the issue of spousal support. (See Civ. Code, § 4801,
 
 *542
 
 subd. (d).) As we have indicated, appellant was in dire need of financial assistance and, while she was trying to support herself, there was little, if any, assurance of steady employment in the near future. In fact, it was undisputed that during the 18 years of the marriage appellant devoted herself almost exclusively to the task of being a homemaker and that she does not have the practical experience and training needed to compete successfully in the labor market. On the other hand, respondent will have a substantial earning capacity as soon as he recovers fully from the effects of hepatitis. Albeit an order terminating the court’s jurisdiction over spousal support has a desirous social effect
 
 (In re Marriage of Lopez, supra,
 
 38 Cal.App.3d 93, 118-119;
 
 In re Marriage of Patrino
 
 (1973) 36 Cal.App.3d 186, 189 [111 Cal.Rptr. 367]), it cannot, as in this case, be based upon “mere hopes or speculative expectations.”
 
 (In re Marriage of Rosan
 
 (1972) 24 Cal.App.3d 885, 896 [101 Cal.Rptr. 295]; see
 
 In re Marriage of Kuppinger
 
 (1975) 48 Cal.App.3d 628, 638-639 [120 Cal.Rptr. 654];
 
 In re Marriage of Dennis, supra,
 
 35 Cal.App.3d 279, 284-285; cf.
 
 In re Marriage of Wilson (1915)
 
 51 Cal.App.3d 116, 119 [123 Cal.Rptr. 887].)
 

 That part of the order appealed from modifying the award of spousal support is affirmed with respect to the amount and duration of spousal support; that part of the order is reversed with respect to the trial court’s failure to retain jurisdiction over the issue of spousal support after the end of the six-month period, and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion. Appellant shall recover her costs on appeal and, upon proper application in the trial court, she shall be entitled to reasonable attorney fees for her prosecution of this appeal if such have not heretofore been awarded.
 

 Brown (G. A.), P. J., and Thompson, J.,
 
 *
 
 concurred.
 

 *
 

 Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.