[Civ. No. 6638.   Third Dist.   Oct. 28, 1942.]

FRIDA G. SHARPE, Respondent, v. HOWARD G. SHARPE, Appellant.

John T. Wentz for Appellant.

No appearance for Respondent.

ADAMS, P. J.—Appeal from an order denying motion to modify interlocutory decree of divorce.

Plaintiff filed suit for divorce from defendant on July 8, 1938.   On September 15th defendant filed an answer and cross-complaint.   On March 10, 1939, the parties entered into a separation agreement wherein they divided their com-

munity property, the husband taking some 200 acres of land, and the wife about 30 acres upon which was located a small store. All of the real property was covered by a mortgage for about $4,000. Personal property was also divided, the husband taking a Packard automobile and the wife a Ford delivery-body automobile. Community debts amounting to approximately $8,500 (including the mortgage) were set forth in the agreement, and the parties agreed to be equally liable for them, together with any increase therein due to costs, fees or interest, either party paying a part of same to be reimbursed one-half, by the other. The wife also agreed to pay $10 per month on the finance contract for the Ford car. The husband agreed to keep the mortgages and liens existing on the combined property from being foreclosed, but one-half of any moneys advanced by him in carrying out this provision was to be repaid by the wife upon the first accounting between the parties. As to two minor children of the parties their care and custody was agreed to be in the wife, no provision being made as to their support and maintenance. Also there was no provision for costs or attorney's fees in the action for divorce.

On March 28, 1939, the divorce action came on for trial and there being no appearance by defendant and cross-complainant his default was entered. The court indicated that it would order the payment to plaintiff by defendant of $50 per month for the support of the minor son as prayed in the complaint (it appearing at the hearing that the daughter was employed at $30 per month) and would make said payment a lien upon the real property conveyed to defendant. Said defendant, before an interlocutory decree had been entered, moved the court for an order setting aside his default and permitting a hearing upon the merits insofar as the support money, defendant's ability to pay same, and the lien therefor were concerned. Hearing on said motion was had at which time both parties appeared. Defendant there contended that his sole income consisted of $172.50 retired pay and that payments required to be made by him under the separation agreement consisted of about $60 per month on the original mortgage, $35 per month on a second mortgage, taxes, insurance on the store property and payments on the automobile awarded to the wife, amounting in all to about $143 per month; that he had tried to sell his part of the property and had quoted it at $20,000, but it

was impossible to sell it; that he had given the store to his wife and that it had in the past brought an average profit of $143 a month for eighteen months and the family had had their living out of it also. However defendant's records showed that during the year 1938 the average monthly profit was approximately but $85. As to the value of defendant's share of the real property, in reply to a statement by the judge that if defendant was willing to sell it for $9,000 he would guarantee to sell it within a week, defendant said he would have to think that over. Mrs. Sharpe testified he had been asking $40,000 for his part of it. She also testified that in the past three months she and the children had had a living out of the store, but that she had run behind $80; that she had no funds except what she was trying to make.

The court denied defendant's motion and on April 25th entered an interlocutory decree awarding the wife the $50 per month for the support of the son, and making same a lien on defendant's real property. No appeal was taken from the decree.

On May 3, 1939, defendant Sharpe filed a notice of motion to modify the interlocutory decree by striking therefrom the portion ordering payment of the $50 per month for the support of the minor son, and the portion making same a lien, said motion to be made upon the pleadings, files and records in the action, the notice of motion and the affidavit of defendant filed therewith. In his affidavit Sharpe set forth the property settlement, the testimony taken at the hearing in the divorce action, and the testimony on the prior motion to set aside his default. On this motion he made the same contentions made by him on the previous motion, that is, that the monthly payments which he was required to make under the agreement were such that he could not pay the $50 per month out of his income, and that the property settlement had been entered into with the understanding that the wife should support the children. The motion was submitted on Sharpe's affidavit and a reply affidavit by Mrs. Sharpe's attorney. The court denied the motion on June 2, 1939. This appeal is taken from the order of denial, it being contended that the trial court abused its discretion in denying the motion.

The records on file in this court show that on May 2, 1940, defendant filed in the superior court action an affi-

davit for final judgment of divorce in which he alleged that all the requirements of the interlocutory decree of divorce had been complied with by him, and that he was not in default thereof; that no motion to set aside or annul said decree or suit brought therefor was pending undetermined, that no appeal had been taken or was pending therefrom, and that said judgment had become final.

On May 22, 1940, defendant filed in the Supreme Court (to which this appeal was originally taken) a notice of motion to submit the appeal and reverse or modify the judgment on the ground that respondent had refused to appear in court or file any brief within the time required by law; that she had in writing released her attorney of record and declared that she had decided not to contest said appeal or make any appearance on said appeal. Said notice having been served on plaintiff, she wrote a letter to the clerk of the Supreme Court stating that she had no money to hire lawyers or to go to San Francisco, and that her daughter had become utterly dependent upon her, on account of illness. When defendant's motion came on for hearing in the Supreme Court there was no appearance for the moving party and his motion was denied. Respondent has filed no brief herein.

■ In view of the foregoing the rule that a party aggrieved by a judgment must take his appeal from such judgment itself, when an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside, should be applied. (2 Cal.Jur. 166, § 30; *Reynolds* v. *Reynolds*, 191 Cal. 435 [216 P. 619]; *Steinberg* v. *Jacobs*, 21 Cal.App. 765 [132 P. 1060]; *Lawson* v. *Guild*, 215 Cal. 378 [10 P.2d 459].) The grounds for defendant's motion to modify the decree are not different from the grounds upon which he based his motion to set aside his default, and the facts upon which he relies are the same as those urged prior to the entry of the interlocutory decree, from which no appeal was taken.

■ But regardless of the foregoing rule we cannot say that the trial court abused its discretion in denying defendant's motion to modify the decree. Unless a clear case of abuse is made to appear, an appellate court will not substitute its opinion and thereby divest the trial court of the discretionary power reposed in it. (2 Cal.Jur. 896-897, § 527.) The burden is on appellant to establish an abuse of discretion

(*Wilder* v. *Wilder*, 214 Cal. 783 [7 P.2d 1032]), and an appellate court is never justified in substituting its discretion for that of the trial court unless there has been a miscarriage of justice. (*Lent* v. *H. C. Morris Co.*, 25 Cal.App.2d 305 [77 P.2d 301].) It was within the province of the trial court to provide for the support of the minor child regardless of any agreement of the parties (§ 139, Civ. Code), and to require defendant to give reasonable security therefor. (§ 140, Civ. Code.) And in view of all the evidence in the case we cannot say that there has been a miscarriage of justice.

The order appealed from is affirmed.

Schottky, J. pro tem., and Thompson, J., concurred.