[Civ. No. 6619.   Third Dist.   Dec. 5, 1942.]

HARRIETT GERBER HALE, Appellant, v. NATHAN G. HALE, Respondent.

David B. Fyfe for Appellant.

Devlin & Devlin & Diepenbrock for Respondent.

SCHOTTKY, J. pro tem.—Appellant and respondent were divorced in 1927, and in such proceeding the custody of Nathan G. Hale, Jr., then four years old, was awarded to appellant mother, and respondent father was ordered to pay to appellant the sum of $150 per month for the support, maintenance and education of said minor son. In 1932, by consent of both parties, an order was made reducing the amount of said monthly payment to $125. Thereafter, in 1940, when said son was eighteen years old, appellant made application to the court for an increase of said monthly payment to $175, and this appeal is from the order denying said application.

In her affidavit in support of her application appellant alleged that said son was attending Princeton University, and that the sum of $125 per month was insufficient to pay for the tuition, board, room, books, furniture, laundry, clothing, railroad transportation and incidental expenses of said son, and that said expenses amount to the sum of $175 per month. At the hearing, appellant testified to the same effect, and in addition itemized said expenses which aggregated the sum of $2,012 per year. Counsel for respondent, upon cross-examination, sought to prove that appellant had a large income and was possessed of considerable wealth, but the trial court sustained appellant's objections to this line of testimony. Respondent testified as to his property and income, and there can be no doubt that he is possessed of sufficient means to pay the increased amount, if required to do so. Respondent admitted that in response to an inquiry from his son about a university training, he had suggested Princeton University, but testified that he did not think it would be an added expense.

After appellant had rested, counsel for respondent offered in evidence respondent's affidavit in response to the order to show cause. Counsel for appellant objected upon the ground that said affidavit contained statements as to the income and wealth of appellant, to which line of testimony the court had previously sustained an objection. Appellant contends that said affidavit was not admitted in evidence, but the transcript shows the following:

"The Court: I am suggesting to you now, I am ready to rule, if you want to put that in the record, why do it, but don't read it.

"Mr. Diepenbrock: Very well, if your Honor doesn't want

to hear it, I offer it in evidence subject to your Honor's objection that I not read it.

"The Court: All right, let it be admitted.

"(Thereupon the document last introduced by counsel for defendant, and admitted by the Court, was by the clerk marked as Defendant's Exhibit 'A'; said Defendant's Exhibit 'A' being in the words and figures following, to wit:"

The said affidavit set forth, among other things, that appellant was possessed of considerable wealth, and that said minor was the owner of money and securities amounting to $3,576.

Appellant contends that under the evidence, as shown by the record, the denial by the trial court of the application to increase the monthly allowance was an abuse of discretion. She argues that the evidence showed, without conflict, that the sum of approximately $168 per month was required as the expense of Nathan G. Hale, Jr., attending Princeton University, and that the evidence showed that respondent was well able financially to pay the increased allowance, and that upon such a record the trial court had no alternative but to grant her application for the increased amount.

Thus we have the very unusual situation in which a mother, herself possessing abundant means, seeks by court order to compel her divorced husband, likewise possessing abundant means, to pay an increased amount, over the $125 per month now paid, for the support and education of their eighteen-year-old son, in order to pay the cost of said son attending Princeton University.

Can this court say that, upon the record here presented, the trial court abused its discretion in denying appellant's application? We do not think so. Section 138 of the Civil Code provides that in an action for divorce, the court may, during the pendency of the action, or at any time thereafter during the minority of a child of the marriage, make such order for the care, education, maintenance and support of such minor child as "may seem necessary or proper." This, to our mind, indicates that when the domestic affairs of married persons having minor children reach the divorce courts, the law, in its wisdom, has seen fit to give to someone other than the parents the right to make ultimate decisions as to the welfare of the minor children of the marriage. The trial court thus has been given the power to determine which par-

ent shall have the custody of the child, or that neither shall have such custody, and also what amount shall be paid by said parents, or either of them, for the support and education of such child. The court likewise has the power to change the custody of the child from time to time, if conditions justify such change. It is true that such powers are not arbitrary, and that their exercise must be governed by a sound judicial discretion, but the fact nevertheless must be recognized that, in such cases, the trial court, and not the parents, has the right to make the ultimate decision, and that an appellate tribunal will not disturb such decision by the trial court unless it appears clearly that such discretion has been abused.

In the instant case the trial court was evidently of the opinion that the sum of $125 per month was a sufficient sum to be expended upon the education of the minor son, and that the respondent father should not be required to pay more than that amount. Opposed to this view was the testimony of appellant that the cost to her of sending her son to Princeton was approximately $168 per month. There was no evidence by anyone that a student cannot attend Princeton University upon an allowance of $125 per month. We do not doubt that the cost of putting her son through Princeton, as detailed by appellant, was the amount she testified to, but the trial court was not required thereby to hold that such amount was necessary, or even for the best welfare of the minor. A wise public policy has decided that, where domestic relations are strained, and homes are broken, the trial court shall determine what amount the father of such minor child shall be required to pay for the support and education of such child.

█ We do not agree with some decisions which have held that a divorced father may not be required to provide funds to send a minor child over sixteen years of age to college, if he has the financial ability to do so. That question, in our opinion, is one for the trial court, under all the facts and circumstances, to weigh and determine, and if the trial court determines that it is for the best welfare of the minor child that he or she be sent to college, and that the father has the financial ability to do so, then, we believe that under section 138 of the Civil Code, the court has the power to require the father to provide the funds necessary for such college education during the minority of the child. That it is the pub-

lic policy of this state that a college education should be had, if possible, by all of its citizens, is shown by the fact that the State of California maintains so many institutions of higher learning at public expense.

As this court said in the recent case of *Sharpe* v. *Sharpe, ante,* p. 262 [130 P.2d 462] :

"Unless a clear case of abuse is made to appear, an appellate court will not substitute its opinion and thereby divest the trial court of the discretionary power reposed in it. (2 Cal.Jur. 896-897, § 527.) The burden is on appellant to establish an abuse of discretion (*Wilder* v. *Wilder,* 214 Cal. 783 (7 P.2d 1032)), and an appellate court is never justified in substituting its discretion for that of the trial court unless there has been a miscarriage of justice. (*Lent* v. *H. C. Morris Co.,* 25 Cal.App.2d 305 (77 P.2d 301).) "

We cannot say that the action of the trial court, in denying appellant's petition to increase the amount paid by respondent for the support and education of said minor son from the sum of $125 per month to the sum of $175 per month was, upon the record here presented, an abuse of discretion.

In view of the foregoing the order is affirmed.

Adams, P. J., and Thompson, J., concurred.