[Civ. No. 13314.   First Dist., Div. Two.   May 27, 1947.]

DORIS L. WILLIAMS, Appellant, v. WILLIAM ANDREW WILLIAMS, Respondent.

Morse & Richards for Appellant.

Donahue, Richards & Hamlin for Respondent.

NOURSE, P. J.—Plaintiff in an action for divorce moved for a modification of the final decree to require the father to pay $250 a month for the support of a minor son who is under her custody. The motion was denied.

The final decree was entered August 30, 1939. No provision was made therein for support of the four minor children but a property settlement was made under which real and personal property was transferred to the wife and the husband agreed to pay her $1,000 a month alimony as long as she remained unmarried and, in the event of remarriage, $100 a month for support of each of the minor children. Plaintiff has remarried three times since the settlement. Three of the children have reached majority and are not involved in this proceeding. Defendant has also remarried and has two minor children requiring his support. Following the divorce defendant suffered financial losses and became in arrears in his alimony payments to the extent of $8,000. In 1940, a new settlement agreement was made. The accrued alimony was paid. Plaintiff was given 1,714 shares of the stock of Andrew Williams Stores, Inc.; she has received real estate in Oakland costing over $100,000, furnishing and personal property costing $150,000, real estate in Honolulu costing $91,000; and proceeds of insurance policies amounting to between $35,000 and $40,000. She sold 1,000 shares of the Andrew Williams Stores for $100,000, taking $20,000 in cash and a note for $80,000 paying 5 per cent interest; she purchased additional stock of this company which pays substantial dividends. She sold the home property in Oakland given her under the settlement and purchased another home for $12,500. The original property was valued at $100,000, but she did not disclose what she received in the sale or what was done with the proceeds. It thus appears that appellant has received from respondent property valued at between $375,000 and $400,000, but the court was unable to get from her her present worth or income.

On the part of respondent the evidence is that he was reduced to near bankruptcy and was compelled to liquidate his holdings to make these provisions for appellant and the minor children. He went to San Diego where he engaged in business with a relative, acquired a meat packing business, and during the war period enjoyed a good income. Proof of his financial ability to pay was confined to his statement for income tax purposes for the year 1945. Having remarried the tax return was a consolidated return of husband and wife showing a net worth of $144,567.36, and a net income of $59,934.97. What part of these assets or income belonged to the wife does not appear.

It is not disputed however that the enterprise was a "war baby" which furnished meat to the large population of war industry workers and that no evidence was had as to future possible income. It was also shown that respondent had two minor children of his second marriage who required his support.

On this evidence the trial court denied the motion for additional support of the minor son. There is only one question involved in an appeal from such an order—did the trial court abuse its discretion? Where this is the issue the universal rule is that an appellate court will not substitute its views for the findings of the trial court which are based upon its examination and inspection of the parties and the witnesses, 2 Cal.Jur. p. 896; *Sharpe* v. *Sharpe*, 55 Cal.App.2d 262, 265 [130 P.2d 462]; *Hale* v. *Hale*, 55 Cal.App.2d 879, 883 [132 P.2d 67]; *Lent* v. *H. C. Morris Co.*, 25 Cal.App.2d 305, 308 [77 P.2d 301]. In the Lent case this court said (p. 308):

"An appellate court is never justified in substituting its discretion for that of the court sitting *nisi prius*. Its power is limited to the determination whether there has been such an abuse of discretion that it has resulted in a miscarriage of justice. (Const., art. VI, sec. 4½; *Davies* v. *Ramsdell*, 40 Cal.App. 432, 433 [183 P. 702]; *Sunset Farms, Inc.* v. *Superior Court, supra* [9 Cal.App.2d 389, 405 (50 P.2d 106)].)"

Here the trial court had evidence that respondent had given some aid to the maintenance of his minor son. No evidence was taken to show that he needed more. Undisputed evidence was heard showing that respondent had theretofore conveyed to appellant ample funds to provide for the care of the son. The appellant's testimony was so evasive, contra-

dictory and equivocating that the trial court had good reason to reject it in toto. Hence, we cannot say that discretion was abused.

Order affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied June 20, 1947, and appellant's petition for a hearing by the Supreme Court was denied July 22, 1947.