[Civ. No. 17172. Second Dist., Div. Two. Nov. 9, 1949.]

GEORGE W. RAWLEY, Respondent, v. MARY RAWLEY, Appellant.

Fetterly & Fetterly for Appellant.

George H. Pratt for Respondent.

WILSON, J.—By an interlocutory judgment of divorce it was adjudged that defendant was entitled to a decree of divorce on her cross-complaint, community property was divided, the custody of the minor child of the parties was awarded to defendant, and plaintiff was ordered to pay the sum of $45 per month to defendant for the support and maintenance of the minor. Upon the hearing of defendant's motion for a new trial the judgment was ordered modified by awarding to defendant, in addition to the property assigned to her by the original judgment, all right, title and interest of the parties in certain policies of insurance upon the respective lives of plaintiff, defendant and their minor child. In other particulars the motion for a new trial was denied. A modified interlocutory judgment was entered, the only difference between the latter and the original judgment being the inclusion therein of the insurance policies above mentioned. Defendant has appealed (1) from the interlocutory judgment, (2) from the order denying her motion for a new trial, (3) from the modified interlocutory judgment. There is also a purported appeal from the modified findings of fact and conclusions of law.

While defendant has appealed from both the original and the modified interlocutory judgments, in her brief she limits her grievances to the contentions that the court abused its discretion by failing (1) to provide for the payment of permanent support to her; (2) to award her all the community real property; (3) to provide for the payment of a sum greater than $45 per month for the support and maintenance of the minor child of the parties.

█ The evidence shows that at the time of the trial plaintiff was earning $240 to $245 per month, out of which he was required to pay $45 for the support of his daughter. Defendant was earning $110 per month for three days' work per week and was receiving as rental from one unit of a duplex, which is the community property of the parties, the sum of $38.50 per month. She resided in the other unit of the duplex, presumably rent free since there is no mention in the record of rent being charged to her. Out of her income she had been able to repay a loan of $300 within a period of eight months. The court had before it evidence as to the circumstances and conditions, physical and financial, of the parties and there is nothing in the record to indicate an abuse of discretion in its failure to award support money to defendant.

The court awarded to defendant (1) household furniture valued at $2,000 according to the uncontradicted evidence of plaintiff, upon which there was an unpaid balance of $276.98; (2) the insurance policies above mentioned, the face value of which was $3,050. There is no evidence as to the worth of the policies but it is conceded that they had a cash value. Plaintiff was awarded a 1937 model Ford automobile valued at $275. The community real property, valued at $16,000, was assigned to the parties share and share alike.

█ Defendant refers to the general rule that where a divorce is granted on the ground of extreme cruelty the innocent party should be awarded more than one half of the community property, and contends that since she was granted a divorce by reason of plaintiff's cruelty the court should have awarded her more than she received. The real property was divided equally and she was given substantially more than half of the personal property—furniture, the net value of which is approximately $1,700, and the insurance policies which admittedly have some value. Plaintiff was awarded nothing but an old automobile valued at $275.

The matter of the division of property in such cases as this is lodged in the discretion of the court. (Civ. Code, § 146.)

The burden is on defendant to show that the discretion was abused. She relies on *Arnold* v. *Arnold*, 76 Cal.App.2d 877 [174 P.2d 674], and similar cases. In the Arnold case the acts of cruelty were flagrant and had been committed over a long period of time, and in addition the husband admitted acts of adultery continuing over a period of two years. There is no claim of adultery in the instant case and the cruelty proved by defendant is not of such flagrant character as to sustain the contention of an abuse of discretion in the division of the property.

■ The remaining question is whether the court should have required plaintiff to pay more than $45 per month for the support of the minor daughter of the parties, who was 18 years of age at the time of trial. Defendant maintains that since the daughter was attending college and the evidence shows that her expenses approximated $85 per month for tuition, books, clothes and miscellaneous college expenses, plaintiff should have been required to pay a sufficient amount to cover such outlay.

Plaintiff concedes that it was his duty to pay for the maintenance and support of his child but contends that her college expenses cannot be imposed upon him, relying on *Boens* v. *Bennett*, 20 Cal.App.2d 477 [67 P.2d 715], where, at page 482, the court said: "The father is under no legal duty, after his son has attained the age of 16 years, to send the latter to college, no matter what the father's financial circumstances may be . . . And if the child, as in the instant case, is past the age of 16 years, the father cannot be compelled by law to give the latter a college education." We are not in accord with such theory. We agree with what is said in *Hale* v. *Hale*, 55 Cal.App.2d 879, 882 [132 P.2d 67], to the effect that the question is one for the trial court to weigh and determine, considering all the facts and circumstances in evidence, and if it is for the best interests of the child to be sent to college and the father is financially able to pay the expense, the court has power under section 138 of the Civil Code to require him to provide the cost of the college education during the child's minority. This is in consonance with the theory expressed in a substantial majority of the modern cases which are collected in 133 American Law Reports, the annotation upon this subject beginning on page 911. ■ The court found that plaintiff was able to pay for the support and maintenance of the minor child and by awarding the sum of $45 per month

for that purpose in effect found that he was not able to pay more and that he did not have the financial ability to pay for any of her expenses in college over and above that amount. Defendant has not shown that the court's discretion was abused in this particular. ■ If the circumstances of the parties should change the court has power during the minority of the child to modify the order for support. (Civ. Code, § 138.)

The modified interlocutory judgment of divorce and the order denying a new trial are affirmed. ■ Since the original interlocutory judgment ceased to be a judgment when it was superseded by the modified judgment the appeal is from a nonexistent judgment and is therefore dismissed. The purported appeal from the modified findings of fact and conclusions of law is dismissed.

Moore, P. J., and McComb, J., concurred.