[Civ. No. 17555.   First Dist., Div. One.   Mar. 26, 1958.]

GRACE J. FRIZZELL, Appellant v. RILEY L. FRIZZELL, Respondent.

Gean W. Cannon for Appellant.

Barrett, Lucey & Harkleroad for Respondent.

PETERS, P. J.—In October of 1947 Grace Frizzell, the plaintiff, obtained a decree of separate maintenance from Riley Frizzell, the defendant. The decree, among other things, incorporated by reference a property settlement agreement, gave "the care, custody, control and education" of the couple's two children, Glen and James, to the plaintiff, "with the right of the defendant to visit with said children at reasonable times," and ordered the defendant to pay to the plaintiff $50 a month for the support and maintenance of each of the children. In August of 1951, by court order, the support allowance was increased to $75 per month per child, and the visitation rights of the father expanded. The father has made all payments called for by these orders.

In October of 1947, when the separate maintenance decree was secured, Glen was 8 years old and James was but 3 years old. Glen is now of college age. The parents cannot agree as to what college he should attend. The mother wants Glen to go to Santa Clara where he can continue his parochial education and can live at home, while the father is of the

opinion that the boy should go to a state college, because he has not been doing well in his studies at a sectarian school. The boy's scholastic standing in the parochial school he is now attending is 122 out of a class of 153. The boy cannot secure admittance to the University of California because of his low grades, but he is eligible for admission to San Francisco State College or San Jose State College. If he attended the latter, he could continue to live at home with his mother.

The plaintiff and defendant were unable to resolve their differences. Thereupon, in July of 1956, the defendant filed a notice of motion "For Instructions of Court Relative to Education of Child." A hearing was held on the motion at which the plaintiff and defendant testified, and at the close of the hearing the trial court entered its "Order Giving Instructions as to the Further Education of Child." By this order the court "finds that it is to the best interest and welfare of said child that the further education of said child, being his college education, should be obtained at San Francisco State College, San Jose State College, or the University of California, if his admission to the University of California can be arranged." The court entered its order accordingly.

The order also provided that it was made "upon the express condition that the defendant, Riley L. Frizzell, shall continue to pay during the entire period of said college education the monies [sic] ordered by this Court for the care, support and education of said child." Thus, under this order, the father is required to pay for the support and maintenance of the child "during the entire period of said college education," which could well continue after the boy is 21.

From this decree the plaintiff appeals.

■ The main contention of appellant is that the trial court's order is contrary to the law of this state and not called for by the circumstances of the case. She points out that she has been awarded the "care, custody, control and education" of Glen, and contends that such provision can be changed only by a modification order predicated upon changed circumstances showing unfitness. Admittedly, there is no evidence that the appellant is unfit to have the care and custody of the boy, and, except as to his college education, the decree in no way affects appellant's rights to Glen's care and custody.

The appellant mistakes the nature of these proceedings. Although labeled a petition for "instructions," the petition, in legal effect, is one for the modification of the modified

separate maintenance decree in reference to the custody and control of Glen. The motion was to modify that decree so as to instruct the parents as to what college the boy should attend. To this extent it necessarily modified the decree by limiting the discretion that the one having custody would otherwise possess. This the trial court had the power to do.

Questions of custody, support and education of children are addressed to the sound discretion of the trial court. (*Beal* v. *Beal,* 218 Cal. 755 [24 P.2d 768] ; *Berry* v. *Chaplin,* 74 Cal.App.2d 669 [169 P.2d 453] ; *Hale* v. *Hale,* 55 Cal.App. 2d 879 [132 P.2d 67].) In *Sharpe* v. *Sharpe,* 55 Cal. App.2d 262, 265 [130 P.2d 462], the rule is stated as follows: "Unless a clear case of abuse is made to appear, an appellate court will not substitute its opinion and thereby divest the trial court of the discretionary power reposed in it. [Citation.] The burden is on appellant to establish an abuse of discretion [citing a case], and an appellate court is never justified in substituting its discretion for that of the trial court unless there has been a miscarriage of justice. [Citing a case.]"

An appellate court can interfere with the trial court on such matters only where the ruling of the trial court exceeds the bounds of reason. An abuse of discretion cannot be presumed but must be affirmatively established by the party complaining of the order. (*Berry* v. *Chaplin,* 74 Cal.App.2d 669 [169 P.2d 453].)

The rule that there must be a showing of "changed circumstances" has no application where the trial court has modified a decree. That rule only applies where the trial court has refused to modify a decree and it is contended an abuse of discretion occurred. To show such abuse there must be a showing of changed circumstances. (*Kelly* v. *Kelly,* 75 Cal.App.2d 408 [171 P.2d 95] ; *Dotsch* v. *Grimes,* 75 Cal.App. 2d 418 [171 P.2d 506].) Nor is a finding as to the unfitness of one or both parents essential before a trial court may modify a custody decree. This was well illustrated in *Beal* v. *Beal,* 218 Cal. 755 [24 P.2d 768]. In that case the wife was awarded custody of two sons, aged 13 and 10 respectively. This was later modified, by consent, by placing the elder of the two boys in the joint custody of the parents, and by ordering that the older boy be enrolled in the Menlo School for Boys. Three years later the court again modified the decree by awarding custody of both boys jointly to the parents, and by providing that the older boy should live with the father in Los Angeles for three months to secure needed

medical care, by providing the younger son should live with the mother for these three months and attend San Mateo High School, and thereafter both children should attend a boarding school selected by the parents, and if they cannot agree, then the boys shall attend Menlo School for Boys. The mother appealed, contending that such modification could not be sustained in absence of a finding of her unfitness. The court disposed of this issue as follows (p. 758) :

"A finding as to the unfitness of one or both parents to have custody of the children was not essential; the application for modification was addressed to the discretion of the court (Civ. Code § 138; *Guardianship of Shannon, ante*, p. 490 [23 P.2d 1020]). Admittedly the elder son, who, pursuant to the order of September, 1929, had previously attended the Menlo School for Boys, was suffering severely from injuries received in an airplane accident and, having been removed from the Stanford Hospital to the southern part of the state, was under medical care at the father's home there, and at his expense. This boy was standing on the very threshold of maturity; the younger son was also rapidly approaching that critical age when the counsel and companionship of his father would be invaluable. Admittedly also, there had been a great deal of friction between these parents in the matter of arranging for the father to see the children and the latter had contributed directly to payment of some of their bills in addition to making the monthly allowance to plaintiff, for which he received no accounting. Properly exercising its discretion in this situation, it is apparent that the court was wisely guided by the considerations specified in section 138 of the Civil Code, to wit: '(1) By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare. . . . (2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father.' "

Thus, in the instant case, the order made was well within the discretion of the court. (See also *Holsinger* v. *Holsinger*, 44 Cal.2d 132 [279 P.2d 961].) In fact, the court, under section 138 of the Civil Code, referred to in the Beal case and under the cases above cited, could have changed the entire custody of the child to the father. It did less than this, merely providing that the father's choice of schools should prevail over that of the mother.

The appellant urges that the real basis of the court's decision is the belief of the trial judge that a father cannot be compelled to send his child to college and therefore can impose his will on his wife in this respect although not entitled to custody. This contention is based on the case of *Boens* v. *Bennett,* 20 Cal.App.2d 477 [67 P.2d 715], referred to by the parties at the trial. That case did hold that a father who had custody, regardless of financial position, could not be compelled to send his child to college. The Boens case has been severely criticized and practically overruled (see *Hale* v. *Hale,* 55 Cal.App.2d 879 [132 P.2d 67]; *Rawley* v. *Rawley,* 94 Cal. App.2d 562 [210 P.2d 891]; note 23 So.Cal.L.Rev. 407), and is contrary to the rule in some other jurisdictions. (*Esteb* v. *Esteb,* 138 Wash. 174 [244 P. 264, 47 A.L.R. 110].) Thus, it is questionable whether the case is now the law of this state, even where the father has custody and determines that his child should not have a college education. Whatever the proper rule in this respect may be, the case, even if it is still the law, is not here controlling. In the instant case, both parents want the boy to go to college. The father is willing to support the child during his college period, even if it lasts after the child is 21. The only controversy is over what college the boy shall attend. The record does not show that, in determining this question, the trial court felt compelled to agree with the father because of the Boens case. All that the record discloses is that the trial court believed that a father supporting a child should have a voice in the matter of that child's higher education. The record, far from showing that the trial court believed that the father had the sole right to determine the question, stated that the question of higher education was "purely a discretionary matter" with the court.

There can be no doubt that the order made by the trial court was well within its discretion. While a parent who has custody has the power to determine what school the child shall attend, this right is subject to control by the trial court where it believes the best interests of the child will thus best be served. When the trial court thus modifies the custody order, its determination cannot be upset in the absence of showing an abuse of discretion. There was no such showing here made.

The decree appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.