[Civ. No. 26361.   Second Dist., Div. One.   Jan 28, 1963.]

G. KATHRYN ZINKE, Plaintiff and Respondent, v. JOSEPH W. ZINKE, Defendant and Appellant.

Perry Bertram for Defendant and Appellant.

G. Norman Kennedy for Plaintiff and Respondent.

FOURT, J.—This is an appeal by the husband from an order which in effect modified a previous order or orders for the support and maintenance of the wife in a divorce action, and further ordered the husband to pay an additional attorney's fees and costs on an appeal.

On May 26, 1960, after a full hearing the court ordered that the custody of the two minor children of the parties be awarded to the wife with visitation rights to the husband. The husband was also ordered to pay to the wife the sum of $259 per month for her support and maintenance (from which she was to make certain house payments) and the husband was to pay the wife as and for the support and maintenance of the minor children the sum of $100 each, or a total of $459 per month. Further, it was ordered that the husband pay the attorney for the wife $1,500 on account for attorney's fees. There were other orders made at the time with which we are not particularly concerned on this appeal.

The husband was found to be guilty of contempt of court for his failure to comply with some of the orders made on May 26, 1960.

On August 16, 1960, after a full and complete hearing, the order of May 26, 1960, was modified in part to provide, among other things, that the husband pay to the wife for her support and maintenance the sum of $309 per month in lieu of $259 per month.

On August 2, 1961, the wife had a further order to show cause issued to the husband, wherein among other things she in effect sought an increase in the allowance for her and the children's support and maintenance, and further for an allow-

ance for attorney's fees and costs in an appeal taken by the wife from an order of dismissal with reference to certain defendants in the cause. At the same time the wife sought an order of contempt of court with reference to the husband's refusal to comply with certain of the court's orders theretofore made.

On September 14 and 15, 1961, a full and complete hearing was conducted. On September 22, 1961, the court ordered that the order of May 26, 1960, as modified by the order of August 16, 1960, be further modified to provide that the husband pay to the wife $350 a month for her support and maintenance, beginning October 1, 1961. The husband was further ordered to pay to counsel for the wife an additional $150 attorney's fee, and $150 court costs on the appeal taken by the wife from an order of dismissal of certain defendants.

The husband now asserts in substance that the trial court abused its discretion in increasing by $50 per month the temporary support and maintenance of the wife "because there was no change of circumstances to justify any increase," that the court in fact abused its discretion in refusing to reduce the amounts to be paid by the husband for the support and maintenance of the wife, and further that the court abused its discretion in allowing attorney's fees upon the appeal.

■ Paraphrasing what was said in *Sanchez* v. *Sanchez,* 55 Cal.2d 118, 126 [10 Cal.Rtpr. 261, 358 P.2d 533] it is not the function of this court to reweigh conflicting evidence and redetermine the matter at hand, neither is this court vested with discretion to be exercised in the premises. Our function has been fully performed when we find in the record substantial evidence which supports the holding of the trial court. In other words we in effect "equate abuse of discretion with lack of evidence." ■ Or, as stated in *Frizzell* v. *Frizzell,* 158 Cal.App.2d 652, 655 [323 P.2d 188]:

"[3] In *Sharpe* v. *Sharpe,* 55 Cal.App.2d 262, 256 [130 P.2d 462], the rule is stated as follows: 'Unless a clear case of abuse is made to appear, an appellate court will not substitute its opinion and thereby divest the trial court of the discretionary power reposed in it. [Citation.] The burden is on appellant to establish an abuse of discretion [citing a case], and an appellate court is never justified in substituting its discretion for that of the trial court unless there has been a miscarriage of justice. [Citing a case.]'

"[4] An appellate court can interfere with the trial court

on such matters only where the ruling of the trial court exceeds the bounds of reason. [5] An abuse of discretion cannot be presumed but must be affirmatively established by the party complaining of the order. (*Berry* v. *Chaplin,* 74 Cal. App.2d 669 [169 P.2d 453].)

''[6] The rule that there must be a showing of 'changed circumstances' has no application where the trial court has modified a decree. That rule only applies where the trial court has refused to modify a decree and it is contended an abuse of discretion occurred. To show such abuse there must be a showing of changed circumstances. (*Kelly* v. *Kelly,* 75 Cal. App.2d 408 [171 P.2d 95]; *Dotsch* v. *Grimes,* 75 Cal.App.2d 418 [171 P.2d 506].)''

Without reciting at length the evidence in this case suffice it to say that we have read the complete record and among other things it demonstrates that the husband was the executive vice-president of several family corporations and as such was active in the management of the business, he was one of the principal shareholders and used an automobile at company expense and had various credit cards for his use. His mode of living had improved at the time of the hearing. The expenses of the wife had increased and her mode of living had worsened.

There was an adverse change in the wife's living conditions and circumstances as compared with circumstances and conditions at the time of the prior order. However, even had there not been an adverse change in her circumstances the order of modification might well be valid. It is said in *Rosenthal* v. *Rosenthal,* 197 Cal.App.2d 289, 309-311 [17 Cal. Rptr. 186] (hearing denied):

''The many cases which appellant cites to the effect that a showing of change of circumstances is a prerequisite to modification of a temporary award of alimony are not controlling in a case such as this one where the original order of allowance is expressly limited 'until further order of Court.' Even if those cases be deemed applicable it seems evident that mere change in circumstances is enough and the sufficiency of such change is a question to be determined by the trial judge.

''The instant situation suggests an analogy to modification of a custody order under section 138, Civil Code, which says: 'In actions for divorce or for separate maintenance the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the

custody of such minor children as may seem necessary or proper and may at any time modify or vacate the same. . . .' In this connection the courts have reduced the 'change of circumstances' rule to a mere matter of 'evidence that the court may consider in the exercise of its discretion' (*Urquhart* v. *Urquhart*, 196 Cal.App.2d 297, 301-302 [16 Cal.Rptr. 469]).

"*Goto* v. *Goto*, 53 Cal.2d 118, 123 [338 P.2d 450]: 'This court has declared the so-called "changed circumstance" rule to be subject to exceptions where the welfare of the child requires it. "We do not wish to be understood as holding that 'the change of circumstance' rule is an absolutely iron-clad rule and that there can be no possible exception to it. It is perhaps possible to conceive of a case in which, despite the fact that there was apparently no change of circumstances, nevertheless, the welfare of the child might require that the previous order of custody be changed. . . ." (*Foster* v. *Foster*, 8 Cal.2d 719, 728 [68 P.2d 719].)'

"*Kelly* v. *Kelly*, 75 Cal.App.2d 408, 415-416 [171 P.2d 95]: 'It seems to us that the question of "changed circumstances" is but another form of evidence which the court may consider in the exercise of its discretion to hear and decide the question of modification of custody orders previously made. But notwithstanding "changed circumstances" there can be no doubt that once jurisdiction attaches to grant a divorce and award custody of the minor children of the marriage, our statute provides that such jurisdiction is continuing and the power to amend, modify or annul an award of custody as existing conditions demand ever after remains. . . . The so-called rule means only that the action of the court in refusing to modify an order of custody unless there is a showing of "changed circumstances" does not amount to an abuse of discretion.'

"*Frizzell* v. *Frizzell*, 158 Cal.App.2d 652, 655 [323 P.2d 188]: 'The rule that there must be a showing of "changed circumstances" has no application where the trial court has modified a decree. That rule only applies where the trial court has refused to modify a decree and it is contended an abuse of discretion occurred. To show such abuse there must be a showing of changed circumstances.'

"To the same effect see *Dotsch* v. *Grimes*, 75 Cal.App.2d 418, 421 [177 P.2d 506]; *McKee* v. *McKee*, 76 Cal.App.2d 728, 731 [174 P.2d 18]; *Horsley* v. *Horsley*, 77 Cal.App.2d 442, 446-447 [175 P.2d 580]; *Noon* v. *Noon*, 84 Cal.App.2d 374, 380 [191

P.2d 35]; *Harris* v. *Harris,* 186 Cal.App.2d 788, 792 [9 Cal. Rptr. 300]; *Stack* v. *Stack,* 189 Cal.App.2d 357, 369-370 [11 Cal.Rptr. 177]. In *Stack* the court says, at page 370: 'The only "rule" consistently applied is that the court may modify or vacate its order "at any time." (Civ. Code, § 138; cf. *Exley* v. *Exley, supra,* 101 Cal.App.2d 835 [226 P.2d 662].) The mother's principal reliance is upon the change of circumstances "rule." As we have seen, it is no longer a rule, if it ever was one.'

"This reasoning seems logically applicable to exercise of a court's reserved power to modify or revoke support orders 'at any time during the pendency of the action except as to any amount that may have accrued prior to the order of modification or revocation.' (Civ. Code, § 137.2), especially where the order subject to modification was expressly made to continue only 'until further order of Court.'

"Illustration of what has just been said concerning a change of circumstances is found in *Howard* v. *Howard, supra,* 141 Cal.App.2d 233, 243 [296 P.2d 592], wherein this court reduced an attorney fee award because it had proved excessive in the light of subsequent events. The ruling is supported by *Warner* v. *Warner,* 34 Cal.2d 838, 841 [215 P.2d 20], therein quoted. [18] The determination of whether the change in circumstances is so substantial as to warrant a modification of the support allowance, rests with the trial judge to be exercised in his sound discretion. Quoting *Howard* again, at page 239: 'The award thus reached cannot be set aside in the absence of a clear abuse of discretion. On the former appeal of this case, 128 Cal.App.2d 188, this court said at page 190 [275 P.2d 93]: "Abuse of discretion is never presumed. It must be affirmatively established. A reviewing court is not authorized to revise the lower court's judgment even if it should be of the opinion that it would have made a different award had the matter been submitted to its judgment in the first instance, in the absence of a clear abuse of discretion." In *Newbauer* v. *Newbauer, supra,* 95 Cal.App.2d 36, 40 [212 P.2d 240], the court put it thus: "The discretion was the trial judge's, not ours; and we can only interfere if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did." ' "

The trial judge in this case could well have believed the wife and disbelieved the husband; indeed it seems that is what occurred.

The husband's contention that it was an abuse of discretion for the trial judge not to reduce the payments which he was to make to his wife is in effect answered when we hold, as we do, that there was no abuse of discretion upon the part of the trial judge in increasing the monthly support and maintenance allowances to be paid by the husband to the wife.

We think there was no error with reference to the matter of attorney's fees and costs which were allowed upon the appeal taken by the wife from an order of the court. The appeal obviously was not frivolous in any sense. The attorney's fee allowed by the trial judge was a nominal amount and could not be held to be exorbitant.

This case is clearly one where the husband has the ability to comply with the orders of the trial court but not the inclination. In fact he seems determined at times not to comply with the court's orders as is evidenced by the contempt orders set forth in the original file which we have examined. The examination of the original file in this case is no easy task for it is approximately 3 inches thick and the cause is not as yet at issue.

There is no necessity for the wife to set out penny by penny her requirements as might be the case if a creditor were suing upon such items. There need only be a showing upon which the court can determine approximately what the needs of the wife are. (*Wilson* v. *Wilson,* 104 Cal.App.2d 167, 173 [231 P.2d 128].)

The orders appealed from are and each of the same is affirmed.

Wood, P.J., and Lillie, J., concurred.