[Civ. No. 26718.   Second Dist., Div. One.   Sept. 3, 1963.]

MYRL MARLENE FAUBLE, Plaintiff and Appellant, v. ALTON LEWIS FAUBLE, Defendant and Respondent.

L. Guy Lemaster, Jr., for Plaintiff and Appellant.

George A. Pickering for Defendant and Respondent.

FOURT, J.—This is an appeal from an order which modified a judgment of divorce with reference to the custody, support and maintenance of two minor children and an order dismissing a contempt proceeding.

Myrl Marlene Fauble, sometimes hereinafter referred to as the "wife" or "mother," married Alton Lewis Fauble, sometimes hereinafter referred to as the "husband" or "father," on March 4, 1949. They removed to Oregon shortly thereafter where they resided until about 1953 when they returned to California. Two children were born as the issue of the marriage, namely Richard on February 2, 1950, and Brenda on December 17, 1953. In June of 1954 the parties separated. In an uncontested action, an interlocutory decree of divorce was granted the wife on July 22, 1955. The custody of the minor children was awarded to the mother. The father was ordered to pay to the mother for the support and maintenance of the children the sum of $30 per week and in addition thereto to provide medical and dental care. The father was to have the right of reasonable visitation with the children. The final judgment of divorce was granted on Sep-

tember 26, 1956, which in effect adopted the provisions of the interlocutory judgment with reference to custody and support and maintenance matters.

On November 1, 1961, the husband filed an application for a modification of the judgment requesting among other things that the custody of the children be awarded to him and that he be relieved of any future child support payments. The husband set forth in an affidavit for the order to show cause that the children were then 8 and 11 years of age respectively, that the mother had remarried and by such remarriage had four children and that she was separated from the father of the four children and living with the six children in a facility which was detrimental to Richard and Brenda. Furthermore that he, Alton Fauble, had remarried and had two children by such remarriage and was living on a farm in Oregon and could care for Richard and Brenda in a manner which would be to their best advantage and interest. He further set forth that he was technically in default under the support and maintenance order, however that through the office of the District Attorney of San Bernardino County the amount of the support had been reduced to $10 per week per child and "later through RESL proceedings to $50 per month." Also it was asserted that the mother had refused to keep the father advised as to the whereabouts of the children and herself and that mailed support payments had been returned to him.

The mother filed no counteraffidavit or declaration. The matter was set for hearing on December 11, 1961, and on that date the mother filed a declaration in support of an order to show cause for contempt alleging among other things that the father had not paid the support and maintenance payments. She set forth that the defendant had the ability to make the ordered payments; however she did not answer the questions set forth on the printed form which she used as to whether defendant was in court at the time and place of the making of the original order, whether he had been cited for contempt before, whether the husband was personally served with a copy of the order, whether defendant had sufficient income with which to comply with the order, what his place of employment was, the amount of his income and whether the defendant had any other assets.

By stipulation both matters were to be heard on February 14, 1962, and it was understood that any evidence received would be admitted as to each of the proceedings. A court investigator was appointed and the report which included a

report of a court investigator in Oregon was by stipulation introduced into evidence.

■ Without detailing the evidence, suffice it to say that the record discloses the mother was 15 years of age and the father was 18 years of age at the time of their first marriage, that the father now has gainful employment in a plywood mill in Oregon and resides on a 7-acre parcel of land with his present wife (married July 1957) and their two children. His present wife from insurance monies makes the payments on the place where they reside. The husband of Myrl (Mr. Stallings) deserted her and she and the children live on public assistance receiving $292 per month from the state. The father of Richard and Brenda repeatedly tried to find the children but was unable to do so on several occasions because their mother would move from place to place and refuse to advise their father of their new address. The house where the mother kept the children was dirty and a stale odor permeated the premises. One statement with reference to her keeping of the children is in part as follows:

"The witness states the children do not get proper meals, that the mother allows them to sit up at night and watch television, depriving them of proper sleep and rest. She claims Richard and Brenda take care of their younger brothers and sisters while the mother does nothing. She states, 'When I was over to her house once, the smell stayed with me till I drove about four miles and then I got out and aired my dress. I feel that the mother's house is so dirty that the children could get any kind of disease.' "

The reports from Oregon indicated that the Fauble residence was a well kept, spacious ranch style home on a 7-acre tract approximately 12 miles east of Eugene, Oregon. That the present wife of the defendant is an attractive woman who takes pride in her home and devotes her full time to the care and attention of the home and family. She appears anxious to have Richard and Brenda with them and their children. There is other evidence with reference to the matters with which we are concerned; however no useful purpose would be served in reciting all of such.

The court made an order modifying the judgment.[1]

---

[1] "For the best interests of the minor children of the parties the two minor's [sic] custody is awarded to the defendant with the plaintiff having reasonable rights of visitation, including the right to have the children with her for a period of four consecutive weeks each year during the children's summer school vacation, provided plaintiff first gives defendant at least thirty days' advance notification of the period of time

If it was the duty of the father here to make a showing of the new conditions and circumstances which warranted the change (See *Prouty* v. *Prouty,* 16 Cal.2d 190, 193 [105 P.2d 295]; *Merrill* v. *Merrill,* 167 Cal.App.2d 423, 428 [334 P.2d 583]), a reading of the record indicates with clarity that there was a sufficiency of evidence which would warrant the change as so ordered.

■ The questions of custody and education of children are addressed to the sound discretion of the trial court and, unless there is a clear abuse of that discretion and we see none in this case, this court should not substitute its opinion for that of the trial judge. See *Frizzell* v. *Frizzell,* 158 Cal. App.2d 652, 655 [323 P.2d 188]. ■ Furthermore in the case last cited it is said:

"[4] An appellate court can interfere with the trial court on such matters only where the ruling of the trial court exceeds the bounds of reason. ■ [5] An abuse of discretion cannot be presumed but must be affirmatively established by the party complaining of the order. (*Berry* v. *Chaplin,* 74 Cal.App.2d 669 [169 P.2d 453].)

■ "[6] The rule that there must be a showing of 'changed circumstances' has no application where the trial court has modified a decree. That rule only applies where the trial court has refused to modify a decree and it is contended an abuse of discretion occurred. To show such abuse there must be a showing of changed circumstances. (*Kelly* v. *Kelly,* 75 Cal.App.2d 408 [171 P.2d 95]; *Dotsch* v. *Grimes,* 75 Cal.App.2d 418 [171 P.2d 506].)"

See also *Harris* v. *Harris,* 186 Cal.App.2d 788, 791-792 [9 Cal.Rptr. 300]; *Stack* v. *Stack,* 189 Cal.App.2d 357, 368-370 [11 Cal.Rptr. 177]; *Gobar* v. *Gobar,* 175 Cal.App.2d 129, 134-135 [345 P.2d 480].)

---

selected by her. Both parties are instructed to keep each other advised at all times of the current residence of the children and of each other. Defendant is ordered to provide the necessary transportation for the children to and from the Los Angeles area when plaintiff chooses the [*sic*] exercise the four weeks' visitation privilege.

"The requirement that defendant pay child support for these children to the plaintiff is terminated forthwith.

"Defendant is ordered to pay $100.00 attorney's fees to plaintiff's counsel for this appearance, payable $10.00 on the 15th of each month, commencing March 15, 1962 and continuing until fully paid.

"The contempt citation is dismissed.

"Plaintiff is directed to deliver the two minor children to the defendant forthwith.

"The attachment for defaulter heretofore issued for the defendant on June 14, 1957 is ordered recalled."

No reference is made in appellant's brief or otherwise to that part of the order which dismissed the contempt proceeding and we have assumed therefrom that appellant has abandoned any contention to the effect that such proceedings were not entirely proper.

The order of February 14, 1962, is affirmed.

Wood, P. J., and Lillie, J., concurred.