[Civ. No. 21806.   First Dist., Div. Two.   Feb. 15, 1965.]

WANDA AGNES KARETA JURCZYK, Plaintiff and Respondent, v. FRANK JOHN JURCZYK, Defendant and Appellant.

Goth, Dennis & Aaron and James M. Dennis for Defendant and Appellant.

Edith B. Taylor for Plaintiff and Respondent.

AGEE. J.—In this action to establish and enforce a Massachusetts decree of separate maintenance rendered in 1942, defendant-husband appeals from the judgment herein which, although finding from the evidence on the issue of defendant's domicile that a Nevada divorce which he obtained on October 1, 1947, was valid, ordered him to pay to plaintiff arrearages[1] under the Massachusetts decree for the period of 10 years (Code Civ. Proc., § 337.5) prior to the filing of the instant action, or the sum of $5,200, plus $1,110 accruing from the filing of said action on February 21, 1961 to the date of the judgment herein, April 16, 1963, plus attorney fees of $500.

■ Respondent did not appear in the Nevada action and the parties agree that the effect of the Nevada divorce decree on the support provisions of the Massachusetts separate maintenance decree must be determined by the law of Massachusetts. As stated in *Worthley* v. *Worthley*, 44 Cal.2d 465, 468 [283 P.2d 19] : "Since the full faith and credit clause compels recognition of the Nevada decree only as an adjudication of the marital status of plaintiff and defendant and not of any property rights that may be incident to that status [citation], the effect of the dissolution of the marriage on defendant's preexisting obligations under the New Jersey maintenance decree must be determined by the law of New Jersey [citations]."

Appellant contends that the law of Massachusetts holds that all rights to support under a decree of separate maintenance terminate upon termination of the marriage.

Respondent's contention, which the trial court agreed with, is that the Nevada decree had no effect upon the support provisions of the Massachusetts decree. This is the theory of divisible divorce, which is exemplified by *Estin* v. *Estin*, 334 U.S. 541 [68 S.Ct. 1213, 92 L.Ed. 1561, 1 A.L.R.2d 1412], wherein the court held that a valid ex parte Nevada divorce procured by the husband did not terminate the wife's prior adjudicated right to maintenance under a New York separation decree. The United States Supreme Court pointed out that the highest court in New York had held that a support order could survive divorce and that it was bound by this ruling.

---

[1] It fairly appears from the record that, although the Massachusetts decree ordered defendant to pay $15 per week for the support of plaintiff and their minor child, $5 of this amount was for the support of the child and defendant had always paid this until the child was married and thus emancipated.

However, it appears that the decisions of the highest court in Massachusetts follow the rule that a valid foreign decree of divorce obtained by the husband terminates the wife's right to support under a preexisting decree of separate maintenance obtained by her in Massachusetts.

In *Jelly* v. *Jelly* (1951) 327 Mass. 706, 709 [100 N.E.2d 681], the Supreme Court of Massachusetts stated: ''After December 2, 1948, the date of the [ex parte Nevada] divorce decree, Mrs. Jelly could no longer require support from her former husband [citations of Massachusetts cases], and he became entitled to have the support decree modified by eliminating the order for future payments to her.''

In *Rosa* v. *Rosa* (1936) 296 Mass. 271, 272 [5 N.E.2d 417], the same court stated: ''Separate support is dependent on the existence of the marriage relation. Termination of that relation by a divorce decreed in another jurisdiction, valid and effectual in this Commonwealth, entitles the husband to be discharged from his liability for payments, under the decree for separate support, which had not become due at the time of the divorce.''

We therefore hold that plaintiff's right to support under the Massachusetts maintenance decree terminated as of October 1, 1947, the date of the Nevada divorce decree, and that any payments accruing up to that date are barred by the 10-year statute of limitations (Code Civ. Proc., § 337.5) since this action was commenced on February 21, 1961.

Respondent's theory as to the award of attorney fees is that they ''are support rights incidental to the marriage of the parties and are allowable for as long as support is payable.'' However, as stated above, respondent's support rights terminated as of October 1, 1947, and there is thus no legal basis for the award of attorney fees herein.

The final contention made by respondent is that on August 21, 1963, pursuant to a notice of motion filed by appellant on August 7, 1963, the lower court made its order modifying the judgment by reducing the support payments provided for therein from $10 per week to $10 per month. Respondent argues that this order of modification has the effect of superseding the original judgment entered herein on April 22, 1963 and that, by reason thereof the appeal herein should be dismissed, citing *Rawley* v. *Rawley*, 94 Cal.App.2d 562 [210 P.2d 891]. It may be added that the notice of appeal from the original judgment herein was filed on July 18, 1963.

In *Rawley* v. *Rawley, supra,* an interlocutory judgment of

divorce was entered in which the wife was granted a divorce, custody of the minor child, monthly support for the child, and certain community property. She moved for a new trial and, upon the hearing, the judgment was ordered modified by awarding to the wife, in addition to the property assigned to her by the original judgment, certain life insurance policies. The motion for a new trial was thereupon denied. A modified interlocutory judgment was entered, the only difference between it and the original judgment being the inclusion therein of the insurance policies above mentioned.

The wife then appealed from both the original interlocutory judgment and from the modified interlocutory judgment. The appellate court affirmed the modified interlocutory judgment and dismissed the appeal from the original interlocutory judgment on the ground that it had been superseded by the modified judgment.

The distinction between *Rawley* and the instant action is obvious. The notice of appeal in the instant action was filed before there was any modification of the original judgment.

The fact that the original judgment was later modified with respect to the amount of support to be paid by appellant would not render ineffective his appeal from the original judgment.

Judgment reversed.

Shoemaker, P. J., and Taylor, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 14, 1965.