Filed 3/18/25  Marriage of Davis CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of ALVIANNA and WILLIAM OSCAR DAVIS, JR. | 2d Civ. No. B339033 (Super. Ct. No. D401336) (Ventura County) |
| ALVIANNA DAVIS, Appellant, v. WILLIAM OSCAR DAVIS, JR., Respondent. | |

Alvianna Davis appeals from an order awarding her spousal support, directing the sale of the home she previously shared with William Oscar Davis, Jr., and dividing the community interest in his pension and retirement accounts.

Alvianna[1] contends the trial court: (1) applied the wrong standards for determining spousal support, (2) miscalculated the value of marital property, and (3) undervalued William's pension and retirement accounts. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Alvianna and William married in 1999. In 2006, William's employer transferred him from Texas to California. Alvianna gave up her 18-year career to move with William and their two young children. She has worked a series of temporary and retail jobs ever since.

Alvianna filed for divorce in 2020. The trial court granted her temporary spousal support of $2,810 per month, which she used to pay the mortgage on the family home that remained in William's name.

In 2024, the trial court reduced spousal support to $1,200 per month. It ordered the sale of the family home and directed the proceeds to be split equally between Alvianna and William. It also ordered an equal division of the community interest in William's pension and retirement accounts.

## DISCUSSION

### Spousal support

A trial court has broad discretion to award spousal support. (*In re Marriage of Blazer* (2009) 176 Cal.App.4th 1438, 1442-1443.) When doing so, the court must consider various factors, including the parties' earning capacities (Fam. Code,[2] § 4320, subd. (a)), contributions to education and training (*id*., subd. (b)),

---

[1] Because the parties in this case share a last name, we use first names for clarity. No disrespect is intended.

[2] Statutory references are to the Family Code.

abilities to pay (*id*., subd. (c)), needs (*id*., subd. (d)), obligations and assets (*id*., subd. (e)), and ages and health (*id*., subd. (h)). It must also consider the duration of the marriage (*id*., subd. (f)), the supported spouse's ability to find gainful employment (*id*., subd. (g)), the balance of hardships (*id*., subd. (k)), and any other factor deemed "just and equitable" (*id*., subd. (n)). A trial court abuses its discretion if its decision " 'exceed[s] the bounds of reason.' " (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1449.)

Alvianna contends the trial court failed to consider her age, health, and ability to support herself when it reduced her monthly spousal support to $1,200. She also contends the court ignored the standard of living established during her marriage and the importance of spousal support to her emotional, financial, and physical well-being.

The record does not support these claims. The trial court's ruling noted that Alvianna and William enjoyed a middle-class lifestyle during most of their marriage. But they accrued significant medical debt and lost one house and two cars due to nonpayment. Their only assets at the end of the marriage were the former family home, William's pension, and his retirement accounts.

Alvianna, 59 years old when the trial court ruled, was "vastly underemployed." The $1,000 she brought in each month[3] was far below her earning capacity. She held two postgraduate degrees but had not worked full-time since leaving Texas; she instead worked as a substitute teacher and occasionally performed consulting work. Alvianna had no significant health concerns and little debt. Both her adult children lived with her,

---

[3] William claimed that Alvianna earned additional income from "frequent" gambling and an inheritance left by her brother.

though they did not contribute to household expenses.

William, then 62, had supported the family financially throughout most of his 21-year marriage to Alvianna. He earned approximately $15,000 per month. He also had heart problems and debts in excess of $120,000. The trial court nevertheless concluded that he had a greater ability to pay spousal support, and ordered him to pay Alvianna $1,200 per month. Based on this record, we conclude the court did not abuse its discretion when it reduced spousal support. (*In re Marriage of Williamson* (2014) 226 Cal.App.4th 1303, 1315-1316 [court may " 'fix spousal support at an amount greater than, equal to[,] or less than what the supported spouse may require to maintain the marital standard of living' " so long as it considers factors set forth in § 4320].)

Alternatively, Alvianna contends the reduction of spousal support was not justified by a material change in circumstances. Whether the changed circumstances rule applies to a modification of a temporary spousal support order is unclear. (Compare *In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059, 1068 [change in circumstances required] with *Zinke v. Zinke* (1963) 212 Cal.App.2d 379, 382-385 [change in circumstances not required].) We need not weigh in on this split of authority here, however, because Alvianna has not directed us to evidence in the record supporting her claim.

A party's brief on appeal must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (Cal. Rules of Court, rule 8.204(a)(1)(C)); the " 'appellate court is not required to search the record on its own seeking error' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*)). Accordingly, where a party

4

fails to include relevant citations to the record with their argument it will be deemed forfeited. (*Ibid*.) This is true even if the party is self-represented. (*Id*. at p. 1247.)

Here, Alvianna has not cited any evidence in the record to support her contention there was no material change in circumstances to support the reduction in spousal support. The contention is forfeited. (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.)

*The value of marital property*

Alvianna next contends the trial court "miscalculated the value of marital property" by disregarding "evidence regarding the value of [William's] retirement accounts and the condition of the family home." But once again Alvianna does not support her contention with citations to the record or relevant authority, in violation of court rules. (See Cal. Rules of Court, rules 8.204(a)(1)(B) [contentions must be supported by argument and citation to authority] & 8.204(a)(1)(C) [contentions must be accompanied by citations to the record].) This contention is also forfeited. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 282 (*Hernandez*).)

*Division of William's pension and retirement accounts*

Finally, Alvianna contends the trial court divided William's pension and retirement accounts inequitably, ignoring evidence that he circumvented a joinder agreement by understating the value of the accounts and repeatedly removing funds therefrom. But Alvianna again does not support her contention with citations to the record or relevant authority. It is forfeited. (*Hernandez*, *supra*, 37 Cal.App.5th at p. 282.)

DISPOSITION

The trial court's May 2, 2024, order is affirmed. Each party shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

6

Michele M. Castillo, Judge

Superior Court County of Ventura

_____

Alvianna Davis, in pro. per., for Appellant.
No appearance for Respondent.