[Civ. No. 14528. Second Dist., Div. One. Dec. 1, 1944.]

INA PARKS McFARLAND, Appellant, v. RUSSELL KENT McFARLAND, Respondent.

Phil O. Clough for Appellant.

Clarence M. Heublein and H. Eugene Breitenbach for Respondent.

DRAPEAU, J. pro tem.—Plaintiff and defendant, formerly husband and wife, have one child, a boy 10 years of age. This appeal is from an order of the trial court awarding custody of the boy to the father.

An interlocutory decree of divorce was granted to the mother July 21, 1942, upon default of the defendant. In this decree, custody was given to the mother. July 26, 1943, final decree followed continuing the mother's custody. August 10, 1943, defendant filed his affidavit, praying that the order be amended to give him custody. September 21, 1943, all of the parties appeared before the superior court with counsel. Evidence was heard, the trial judge interrogated the boy in chambers, then modified the decree, giving the father custody.

Appellant asserts that there is no evidence to support the order, or of any change of circumstances sufficient to warrant making the same.

Examination of the record discloses that after the inter-

locutory decree the boy never lived with his mother. For a time he lived with the father and his present wife. Then the mother placed him in a military school. In accordance with the rules of the school, she was permitted to take him out twice a month. On these occasions the relationship between the boy and his mother was all that could have been desired. There is some suggestion in the record that he was not properly clothed or looked after physically. On the other hand, there is evidence that so far as she could, the mother took good care of him.

But the boy was unhappy in the school. He complained about it to his father, and when he talked with the judge in chambers, he told the judge that certain attendants at the school made the students stand up for hours at a time. And he told the judge that he was fond of his father and his stepmother and that it was his desire to be with them. The only home to which the boy could go was that maintained by his father, who had in the meantime remarried. And the father's present wife testified that she would be glad to have the child in the home. The trial court properly concluded that the father's home was better than a boarding school. The order permits the mother to have the boy with her weekends twice a month, and thus gives her all that she enjoyed while he was in the school.

While the situation of the mother must be viewed with sympathy, nonetheless the paramount consideration in determining to whom the custody of a child shall be awarded is its welfare. (*Bancroft* v. *Bancroft*, 178 Cal. 352 [173 P. 582].)

There was sufficient evidence to justify the order of the court, and there was sufficient evidence of change in the circumstances of the parties.

The order is affirmed.

York, P. J., and White, J., concurred.