[Civ. No. 19798. First Dist., Div. Two. Oct. 16, 1961.]

JONITA LAUREL URQUHART, Respondent, v. MICHAEL GORDON URQUHART, Appellant.

Howard K. Morehouse for Appellant.

MacGowan & MacGowan for Respondent.

KAUFMAN, P. J.—This is an appeal from an order changing custody of the two minor children of the parties from the defendant, Michael Urquhart, to the plaintiff, Jonita Urquhart. Defendant urges that the court below abused its discretion in so modifying the custody award. There is no merit in this contention.

The parties, Michael Urquhart, the defendant, now age 31, and the plaintiff, Jonita Urquhart, now age 23, were married on November 7, 1953. Two children were born of this marriage, Steven, in 1954, and Teresa, in 1956. They received an interlocutory decree of divorce in 1956, and a final

decree in 1958. Custody of the children was awarded to the plaintiff, Jonita Urquhart. Subsequent to the divorce, the plaintiff, Jonita Urquhart, married one Robert Miller in July of 1958. In September of 1958, she, along with her husband, was arrested and convicted of armed robbery in the State of Wyoming. The plaintiff was released on parole after serving 19 months. Robert Miller, her husband, is still serving his sentence in Wyoming and will not be eligible for parole for at least five to six years. Upon the plaintiff's incarceration, in a women's reformatory, the defendant moved that the child custody decree be modified. The motion was granted, giving defendant, Michael Urquhart, custody in January of 1959. Plaintiff upon her release from prison moved to regain possession of the children by filing a motion for change of custody in July, 1960.

As is usual in this type of case, the evidence is conflicting as to the fitness of either parent to have custody. The plaintiff's sister felt that the plaintiff was a fit mother inasmuch as she took care of her (the sister's) children satisfactorily after the plaintiff's release from the reformatory. The children's pediatrician felt that the children were happy and well cared for when under the care of the plaintiff prior to her imprisonment, and that the plaintiff was a fit mother. The plaintiff is now living with her mother and at the time of the trial expected to be employed permanently in the near future and is now baby-sitting. Plaintiff's mother said she could support the plaintiff and the children if the plaintiff could not find work. They would live with the plaintiff's parents until she was financially able to move. The plaintiff feels that she made a mistake in marrying Robert Miller and is now a fit mother, although admitting she has no present plans for divorce. However, the plaintiff has a prior record other than that incurred in Wyoming. She has been charged with shoplifting, forgery and runaways, mostly as a juvenile. Defendant's present wife feels that the children were not well adjusted while under plaintiff's care and, of course, the defendant himself does not feel that plaintiff is a fit mother.

Although the court was mainly concerned with the plaintiff's fitness, evidence was introduced as to defendant Michael Urquhart's ability to care for the children. The defendant has remarried and now lives in Arizona. He is employed as a cook, apparently is supporting the children, and is active in civic affairs. However, he too has a prior record and has been

married 3 times. Further, when the children were in plaintiff's custody, he did not keep up the support payments. The defendant's present wife has been married twice before with one annulment.

The court found that both parents are fit persons to have custody; that the children are of tender years; further, it appears to be for the best interest of the children that plaintiff have their custody; and that there has been a change of circumstances since the previous order changing custody to defendant, in that the plaintiff is no longer imprisoned. The court concluded that custody should be restored to the plaintiff. Defendant was granted his petition for a writ of supersedeas staying execution of the order changing custody.

Defendant's first contention on appeal is that the court abused its discretion in that there was insufficient evidence to support its finding that the plaintiff was fit to have custody of the children. ■ It has been often stated that in this type of case, the trial court is given wide discretion, and its determination will not be disturbed upon appeal in the absence of a showing of abuse. ■ Every presumption supports the reasonableness of the decree (*Gudelj* v. *Gudelj*, 41 Cal.2d 202, 208 [259 P.2d 656] ; *Gantner* v. *Gantner*, 39 Cal.2d 272, 275 [246 P.2d 923]).. ■ The Supreme Court in a recent case has reaffirmed this rule with emphasis stating in *Sanchez* v. *Sanchez*, 55 Cal.2d 118, 126 [10 Cal.Rptr. 261, 358 P.2d 533], "But, as is true in all appellate reviews, and most emphatically in this type of controversy, it is not the function of this court to reweigh conflicting evidence and redetermine findings; neither is this court vested with discretion to be exercised in the premises. Our function has been fully performed when we find in the record substantial evidence which supports the essential findings of the trial court. [Citations.]"

■ Applying the foregoing rules to the case before us, it is apparent that the court's finding that the plaintiff was a fit mother is supported by the evidence. The plaintiff's sister felt that the plaintiff was a fit mother in that she satisfactorily took care of her, the sister's, children upon her release from the reformatory. The children's pediatrician felt that the plaintiff was a fit mother when she had custody of them prior to her incarceration in the reformatory; that the children were happy and well cared for. The plaintiff herself testified that she was with the children as much as possible when she had prior custody. She feels that she has made a mistake but

is at present a fit mother. Although the defendant cites evidence that would indicate the plaintiff is unfit, it would only conflict with the evidence favorable to the plaintiff. The court's finding that the plaintiff was a fit person to have custody of the children is supported by substantial evidence.

Defendant further attempts to argue that even if there is substantial evidence supporting the finding, this does not mean there cannot be an abuse of discretion, citing dicta in *Stack* v. *Stack,* 189 Cal.App.2d 357, 368 [11 Cal.Rptr. 177]. This would appear to be a difficult contention to pursue inasmuch as the Supreme Court in *Sanchez* v. *Sanchez, supra,* at page 126, seems to equate abuse of discretion with lack of evidence. A fact that the court in *Stack* v. *Stack, supra,* cited by defendant recognizes. But, regardless, the defendant has shown no abuse of discretion by the trial court.

 The defendant next contends that even assuming that both parties were fit and proper to have custody of the two children, the plaintiff by alleging a release from prison has not shown a sufficient change of circumstances to justify the change of custody, claiming that a change of circumstances is necessary in order to justify any change of custody.

That the court has the power and discretion to modify a custody decree upon such showing of changed circumstances is probably a correct statement of the law, with numerous cases upholding the court's discretion upon an adequate showing (*Cornwall* v. *Cornwall,* 108 Cal.App.2d 95, 110 [238 P.2d 8] ; *Gantner* v. *Gantner,* 39 Cal.2d 272, 277 [246 P.2d 923]). But modifications have been made and sustained on appeal without such showing indicating that the court has the same power and discretion as on the original order to determine custody according to the best interests of the child; and the question of changed circumstances is but evidence that the court may consider in the exercise of its discretion (*Kelly* v. *Kelly,* 75 Cal.App.2d 408, 414, 415 [171 P.2d 95] ; *Horsley* v. *Horsley,* 77 Cal.App.2d 442 [175 P.2d 580]).

In *Frizzell* v. *Frizzell,* 158 Cal.App.2d 652, 655 [323 P.2d 188], the court went so far as to say that the rule regarding changed circumstances has no application where the trial court has modified a decree. The rule only applies where the court has refused to modify a decree; then to show abuse of discretion, there must be a showing of changed circumstances.

The change of circumstances rule is no longer a rule even if it ever was one. The only rule consistently applied is that

the court may modify or vacate its order at any time (Civ. Code § 138; *Stack* v. *Stack,* 189 Cal.App.2d 357, 370 [11 Cal.Rptr. 177]).

The defendant recognizes that perhaps change of circumstances need no longer be shown for the court to invoke its discretionary power to modify the custody decree, but claims that the issue of change of circumstances must be met inasmuch as the court based its order changing custody on this ground. In this, he is in error. The court also found that it was for the best interest of the children that the plaintiff have their custody which finding alone would be enough to sustain the order as invoking its discretionary power under Civil Code section 138. A judgment or order will not be reversed even if a finding is erroneous as long as the judgment or order can be sustained on proper findings made by the trial court (*Miller & Lux Inc.* v. *Secara,* 193 Cal. 755, 772 [227 P. 171]; *Hay* v. *Allen,* 112 Cal.App.2d 676, 681 [247 P.2d 94]). Further, as there was evidence that the plaintiff was a fit and able mother prior to her imprisonment, a release from confinement would seem to be a sufficient change of circumstances to support the finding.

 Defendant lastly contends that the order changing custody from the father to the mother is not in the best interest and welfare of the children as a comparison of their respective fitness shows that "other things are not equal" within the meaning of Civil Code section 138.

A fundamental issue in a child custody proceeding is whether such an order is reasonably necessary for the best interest and welfare of the children involved. In examining into this issue the court is guided "By what appears to be for the best interests of the child . . ." bearing in mind that "As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, custody should be given to the mother . . ." (Civ. Code § 138, subds. (1) and (2); *Ashwell* v. *Ashwell,* 135 Cal.App.2d 211, 213 [286 P.2d 983]). It is for the trial court to determine when "other things are equal" (*Stack* v. *Stack,* 189 Cal.App.2d *supra,* page 365). How can one weigh a better house or job against mother love; or living in California with living in Arizona? For this reason, the trial court is given a broad discretion in determining whether other things are equal within the meaning of the code section (*Smith* v. *Smith,* 135 Cal.App.2d 100, 103 [286 P.2d 1009]). Both parties have included in their briefs com-

parisons of each other's fitness favorable to themselves. It suffices to say that it was the function of the trial court to weigh the various factors and determine what would be for the best interests of the children. We can find no abuse of discretion in its determination of that question.

Order affirmed.

Shoemaker, J., and Agee, J., concurred.