[Civ. No. 6933. Fourth Dist. Mar. 25, 1963.]

LAURA P. CONNOLLY, Plaintiff and Appellant, v. JOSEPH CONNOLLY, JR., Defendant and Respondent.

Atherton & Atherton and Keith Atherton for Plaintiff and Appellant.

James Edgar Hervey and Thomas R. Mitchell for Defendant and Respondent.

GRIFFIN, P. J.—In this action for divorce, obtained by the plaintiff wife, the custody of the 5-year-old son was awarded to the mother on June 24, 1957, with specific visiting rights to the father and an order for child support was made. Two months later, the mother brought a motion for permission to use the child support money to place the child in a military academy. The motion was granted on September 10, 1957, with the consent of the father and it was so ordered. Certain hours of visiting rights were awarded to each party. Final judgment for divorce was given on August 15, 1958. On November 27, 1959, the father sought custody of the child, but after hearing before another judge this petition was denied.

On December 14, 1959, the father sought modification of the custody order again and alleged generally that he had remarried and that the child wanted to be with him because he was not happy at military school; that the father then lived in a three-bedroom home with his present wife and her two children (then aged 8 and 10) by a former marriage. Still another judge denied the motion and granted different visiting periods.

On June 3, 1960, in reply to one of the many reciprocal

contempt charges in reference to violation of visitation privileges, the father again suggested change of custody to him. The proceeding was dismissed. On August 10, 1961, the father, reciting that the child was then 10 years old and had been a resident student of the military school for four years, and stating that the child was unhappy at said school and desired a natural home and family life with the father and his new family, with the 10-year-old and 12-year-old children, sought custody. He alleged that the plaintiff mother, although possessing an adequate home, prefers to avoid the responsibility of raising her son and is unwilling to allow said child to enjoy the love, companionship and benefits of defendant's home; that if custody is given to defendant, the child will be able to attend a local school and have his own home and bedroom, since he has matured to the extent that he wants this form of education and home life.

The mother countercharged that she was willing to keep the son with her and if the court so decreed she would send him to another school; that the reason for defendant's application for custody was of a selfish financial nature, to avoid child support payments.

After a hearing before the present judge, the judge signed an order on September 7, 1961, changing the custody of the minor to defendant father, fixing plaintiff's visitation rights, and providing for payments to plaintiff for the time the child was with her. The appeal is from this order.

The principal claim of plaintiff is that the court abused its discretion in so changing the custody, arguing that it is uncontradicted that plaintiff is a fit and proper person to have custody of her then 10-year-old child, and that since there was no material change of circumstances or changed conditions from the prior orders of the court, and no showing that the welfare of the child required a change, no such change was authorized; that although the welfare of the minor child is a primary concern of any court, there must be an end to litigation and no litigant should be required to continually go into court until a favorable judge is secured. (Citing such authority as *Washburn* v. *Washburn,* 49 Cal. App.2d 581, 587 [122 P.2d 96]; *Bemis* v. *Bemis,* 89 Cal.App. 2d 80, 90 [200 P.2d 84]; *Sorrels* v. *Sorrels,* 105 Cal.App.2d 465 [234 P.2d 103].)

In determining custody orders, certain fundamental

rules are applicable. Civil Code, section 138, provides:

"In actions for divorce . . . the court may . . . during the minority of any of the children of the marriage, make such order for the custody of such minor children as may seem necessary or proper and may at any time modify or vacate the same. In awarding the custody the court is to be guided by the following considerations:

"(1) By what appears to be for the best interests of the child; and if the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question;

"(2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, custody should be given to the mother; if the child is of an age to require education and preparation for labor or business, then custody should be given to the father."

▓▓ Neither parent need be found unfit to justify a change of custody, the welfare of the child being the paramount concern. (*Beal* v. *Beal*, 218 Cal. 755 [24 P.2d 768].)

▓▓ In case of conflict of the evidence as to what is for the best interests of the child, the trial court is the sole judge of the credibility of the testimony of the witnesses and the factual question presented. ▓▓ Every presumption supports the reasonableness of the decree below. (*Sanchez* v. *Sanchez*, 55 Cal.2d 118 [10 Cal.Rptr. 261, 358 P.2d 533].)

▓▓ There are authorities holding generally that until some change of circumstances arises which makes a modification of the former order of custody advisable from the point of view of the welfare of the child, the court will give effect to the former order and will refuse to make any modification of such order. (*Foster* v. *Foster*, 8 Cal.2d 719, 726 [68 P.2d 719]; *Sorrels* v. *Sorrels*, *supra*, 105 Cal.App.2d 465; *Johnson* v. *Johnson*, 72 Cal.App.2d 721, 723 [165 P.2d 552].)

▓▓ It is well established that the courts are reluctant to order a change of custody and will not do so except for imperative reasons; that it is desirable that there be an end of litigation and undesirable to change the child's established mode of living. (*Washburn* v. *Washburn*, *supra*, 49 Cal. App.2d 581; *Bemis* v. *Bemis*, *supra*, 89 Cal.App.2d 80, 90.)

▓▓ However, in *Urquhart* v. *Urquhart*, 196 Cal.App.2d 297 [16 Cal.Rptr. 469], it is held that changed circumstances did not have to be shown to support modification of the child custody decree, since the court also found that it was

for the children's best interest that the mother have their custody.

The argument that the child was of tender years (10), and other things being equal, custody should be awarded to the mother under Civil Code, section 138, is destroyed by the decision in *McFarland* v. *McFarland,* 67 Cal.App.2d 162 [153 P.2d 616], where it was held that in a proceeding by a father to modify a divorce decree so that the custody of a minor son (aged 10) be changed from the mother to him, the evidence justified an order awarding custody of the boy to the father, where the boy never lived with the mother after the divorce was granted; where he was fond of and for a time had lived with his father and stepmother; where he was unhappy in the military school in which his mother had placed him; and where the only home to which he could go was that maintained by his father. In *Frizzell* v. *Frizzell,* 158 Cal.App.2d 652, 655 [323 P.2d 188], where the young son was rapidly approaching that critical age (10) where the counsel and companionship of his father would be invaluable, it is said, at page 656:

"Properly exercising its discretion in this situation, it is apparent that the court was wisely guided by the considerations specified in section 138 of the Civil Code. . . ." See also *Munson* v. *Munson,* 27 Cal.2d 659, 666 [166 P.2d 268].

" ' "In a legal sense, discretion is abused whenever, in its exercise, a court exceeds the bounds of reason, . . . all the circumstances before it being considered." ' " (*Brawman* v. *Brawman,* 199 Cal.App.2d 876, 880 [19 Cal. Rptr. 106].)

While repeated applications for change of custody without subsequent change of conditions should not be encouraged and may be a ground for denying such change, it cannot be said, under the circumstances here related, that the trial court abused its discretion in making the order.

Order affirmed.

Coughlin, J., and Brown (G.), J., concurred.